**66 So.2d 320**

**MOLL v. MUTUAL HEALTH BEN. & ACC. ASS'N.**

**No. 40116.**

Supreme Court of Louisiana.

June 1, 1953.

Bienvenu & Culver, P. A. Bienvenu and Warren M. Simon, New Orleans, for plaintiff-appellant.

Julian B. Humphrey, New Orleans, for defendant-appellee.

MOISE, Justice.

The plaintiff, beneficiary under a health and accident policy issued by the defendant, filed this suit to recover $5,000 indemnification, interest, etc., for the accidental death of her husband, Sebastian O. Moll, the insured. She prosecutes this appeal from the judgment of the district court dismissing her suit.

The facts of record are not controverted.

On August 9, 1947, the deceased made application for the policy involved and, at that time, paid the initial premium of $22 called for by the defendant company. The application is dated August 9, 1947, and above the signature of both the representative and the applicant it is stated:

"Premium paid on this application covers insurance to Dec. 1, 1947."

Policy Number 100RA 347820–47M was issued to the deceased designating the plaintiff as beneficiary. The policy was dated August 25, 1947. On August 22, 1947 the insured sustained an automobile accident, which resulted in his death on August 27, 1947. The plaintiff, deceased's widow, filed the necessary proof of death. The defendant company refused to make payment un-

der the policy. This action provoked the present proceedings.

The issue before us is the determination of the effective date of the policy.

Plaintiff alleges that at the time of the accident and at the time of the death of her husband, the policy was in full force and effect and that she is entitled to recover thereunder.

Defendant's position is that the policy became effective only on August 25, 1947 and not on August 9, 1947, the date of the application and payment of the premium called for, and, that the accident having occurred prior to said date, the defendant company was not liable under the policy.

Through its executive officer at Omaha, Nebraska, the defendant company sought by deposition taken of such officer, to vary and alter the terms of the receipt issued for the insurance in the amount of $22 by claiming that $17 was the amount of premium for a quarterly period, and that $5 represented a policy fee. The district judge allowed such evidence to go to the effect but in conclusion stated:

"In view of the former objections, the policy and the application both define the policy premium as $22.00, and no evidence is shown that was not discussed with the insured; any secret allocation by the company would not be binding on him. Therefore, all the prior objections that I let go to the effect will now be sustained, because I

don't think he can be affected by it and the matter must be determined on the face of the document."

Being in accord with the ruling of the trial court, we must adhere to the contract of insurance between the parties. Oil Well Supply Co. v. New York Life Ins. Co., 214 La. 772, 38 So.2d 777 and Shuff v. Life & Casualty Ins. Co., 164 La. 741, 114 So. 637.

The application sets forth the subject of the agreement between the parties and the consideration paid therefor, namely, the coverage and the premium. The initial premium is stated to be $22 and the quarterly premium $17. The implied obligation of the company was to deliver to the deceased a health and accident policy conditioned, of course, upon Moll's being an acceptable insurance risk. At the time of making the application, Moll was 40 years of age, and of sound mind and body. The date the protection was purchased and paid for was August 9, 1947. When the company collected the initial premium of $22 on August 9, 1947, it collected a sufficient sum to pay for the insurance premium from August 9, 1947 to December 1, 1947. The language of the application itself bears out this fact for it specifically states "Premium paid on this application covers insurance to December 1, 1947." All that remained was for the company to accept the risk and make delivery of the policy in conformity with its agreement or reject the risk and return the initial premium paid. The risk was accepted, the initial premium paid was retained by the insurance company, and the policy was delivered.

■ We are of the opinion that it was the understanding of the deceased that he was insured from the time he made the initial premium payment. No where in the record do we find any reference to any discussion between the representative of the company and the insured as to any particular allocation of the $5 overplus and, therefore, doubt that there was any such arrangement. In cases of doubt, the construction of the policy which is most favorable to the insured will be adopted. Meyerstein v. Great American Ins. Co., 82 Cal. App. 131, 255 P. 220; Gerrity v. Charter Oak Fire Ins. Co., D.C., 82 F.Supp. 631, 339 U.S. 949, 70 S.Ct. 805, 94 L.Ed. 1363; Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235; and Oil Well Supply Co. v. New York Life Ins. Co., supra.

■ The defendant argues that under Question 17 of the application, no insurance was in force until a policy was issued. We can fully appreciate this rule. The company certainly has the right to refuse a risk and to return the premium should it see fit so to do. But, in the instant case that was not done. The risk was accepted, and all of the initial premium payment of $22 was retained by the company. It was the bounden duty of the company to make the policy effective from the date of the payment of the cash premium paid on the

date of the application. In fact, such was the procedure followed by this identical defendant in the case of Gilbert v. Mutual Benefit Health & Accident Ass'n, 1950, 172 Kan. 586, 241 P.2d 768, which was a suit to reform a policy. As in the instant case, the effective date of the policy was at issue. There, the court held that the effective date of the policy was the date on which the application was made. There, the same argument was used by the defendant as in the present suit. However, in the Gilbert case, the court had before it the benefit of a bulletin which established the uniform practice of the defendant in dating its policies. If the full initial premium was paid at the time of application, the policy bore the date of the application.

We are unable to ascertain from the record before us if such rule above mentioned was followed by the company in 1947, but this practice, which is supported by the law, is most persuasive, and we look to the intent of the parties as determined from the words of the contract. LSA–C.C. art. 1945; Oil Well Supply Co. v. N. Y. Life Ins. Co., 214 La. 772, 38 So.2d 777. We believe that it was the intent of the parties in the instant case that the insurance would be effective as of August 9, 1947 and expire on Dec. 1, 1947, unless thereafter renewed. Therefore, the company erred in fixing the policy date as of August 25, 1947.

The case of Beswick v. National Casualty Co., 206 Mo.App. 67, 226 S.W. 1031,

1033, involved a similar question. The court in allowing recovery there made this pertinent statement:

"* * * Under the contract thus made, if the company accepted plaintiff as a risk at all, they were bound to issue a policy commencing October 1, 1917, and ending October 1, 1918, for that is what he contracted and paid for. They did accept him; they approved the insurance; they did not decline or reject it, but accepted it and kept his money. Hence the contract was complete and covered insurance from October 1, 1917, to October 1, 1918, and the plaintiff was entitled to a policy issued pursuant thereto and giving him insurance for that period of time. * * *"

Furthermore, under the circumstances, the provisions of our Code are controlling:

"Agreements legally entered into have the effect of laws on those who have formed them.

"They cannot be revoked, unless by mutual consent of the parties, or for causes acknowledged by law.

"They must be performed with good faith." Art. 1901, LSA–C.C.

"The obligation of contracts extend not only to what is expressly stipulated, but also to everything that, by law, equity or custom, is considered as incidental to the particular contract, or

necessary to carry it into effect." LS A–C.C. art. 1903.

Defendant relies, in support of its contentions, on the cases of Halbrook v. Atlas Life Ins. Co., Mo.App., 234 S.W.2d 628 and Burks v. Colonial Life & Accident Ins. Co., 5 Cir., 192 F.2d 643. These cases involve situations at variance with the facts of the instant case and are neither criterion nor authority for this case.

Law, equity and custom will be invoked to carry into effect the obligation of the contract which was expressly set out in the application involved and the only right that this defendant had was to refuse to accept the risk. Having accepted the risk and kept the full amount of the initial premium paid, defendant cannot now avail itself in a court of justice of a right which it did not possess, that is, of altering a solemn agreement which it, and it alone, was instrumental in producing.

For these reasons, the judgment appealed from is annulled, reversed and set aside, and

It is ordered that there be judgment in favor of plaintiff, Mrs. Anna May Moll, widow of Sebastian O. Moll, against the defendant, Mutual Health Benefit and Accident Insurance Company, in the full amount of $5,000 together with interest at the rate of 6% per annum from August 27, 1947 until paid; and for all costs.