76 So.2d 630 (1954)
Noah W. McKINNEY, Plaintiff-Appellee,
v.
AMERICAN SECURITY LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 8249.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1954.
Rehearing Denied January 4, 1955.
Writ of Certiorari Denied February 14, 1955.
*631 Mecom, Scott & Despot, Shreveport, for appellant.
W. T. Holloway and D. T. Caldwell, Jonesboro, for appellee.
GLADNEY, Judge.
This is an action to recover indemnity for hospital confinement and other expenses resulting from sickness allegedly provided by the policy issued by the defendant to cover hospitalization and surgical expense.
After trial there was judgment in favor of plaintiff for the amount stipulated but with rejection of statutory penalties as claimed by plaintiff under the provisions of LSA-R.S. 22:657, including attorneys' fees of $250. From a judgment so rendered the defendant has perfected a suspensive and devolutive appeal and plaintiff has answered the appeal to secure the full amount of penalties denied by the trial court.
*632 Plaintiff is a resident of Jackson Parish, Louisiana, and obtained the policy effective as of April 25, 1953. The insured therein named includes plaintiff and his wife, for which a monthly premium of $10.80 or an annual payment of $121.80 is charged. It is alleged that from August 17, 1953, plaintiff was confined to the McDonald Clinic, a recognized hospital situated in Jonesboro, Louisiana, suffering from an acute skin eruption and because of a nervous condition or pain of the nerves. Upon demand being made for payment of the hospitalization, to which he thought he was entitled, his claim was rejected by the insurer, whereupon suit was instituted.
In lieu of the taking of testimony the parties stipulated the essential facts to a determination of the cause as follows:
"That plaintiff, Noah W. McKinney, was necessarily confined within the McDonald Clinic, Jonesboro, Louisiana, as a bed patient between the dates of August 17, 1953, and August 29, 1953, a total of twelve (12) days, said confinement being due to an acute skin eruption resulting from a nervous condition.
"That at the time there was in full force and effect one certain policy of hospitalization insurance issued by defendant, American Security Life Insurance Company, the original of which is attached to plaintiff's petition herein and incorporated herewith by reference, under which policy defendant agreed to pay to claimant the sum of Seven Dollars and Fifty Cents ($7.50) per day of hospital confinement, and certain other benefits, the grand total of which amounts to One Hundred Five and No/100 ($105.00) Dollars, which sum would be the sum due and payable plaintiff should it be determined by the court that said illness and resulting confinement was covered by said policy, plus statutory damages and attorneys' fees should the court further find that the failure to pay the claim when submitted was without just and reasonable grounds, such as would put a reasonable and prudent business man on his guard.
"That the place of confinement, the McDonald Clinic, did not have at the time of said confinement, X-ray equipment, although the same was readily available as hereinafter set forth, nor did it have a graduate registered nurse always on duty, but rather only during the day, while at night a practical nurse was on duty, and that the fact these things were absent was known to insurer at the time of refusal to pay said claim when submitted by claimant, but it was not known that X-ray equipment was available as set forth hereinabove and hereinafter.
"That other than the matters mentioned in (III) above, all of the requirements of a `hospital' under the policy are met by the McDonald Clinic.
"That notice and proofs of loss were furnished to defendant by plaintiff more than thirty days before suit was filed.
"That the person to whom the sum set forth hereinabove is due, if any be due at all, is the plaintiff, Noah W. McKinney.
"That Dr. C. S. McDonald has practiced medicine in Jackson Parish, Louisiana, for more than forty years, that he is now and at the time of the above mentioned confinement a registered and licensed practicing physician; that the McDonald Clinic can provide beds for approximately eight patients; that there are on the average five patients confined in the Clinic; that Dr. McDonald has an agreement with Dr. Robinson in Jonesboro and Dr. Green in Ruston for him to use their X-ray equipment; that approximately 150 babies are delivered at the Clinic per year; that the biggest portion of the revenue going to the Clinic is collected under health and accident policies.
"That more than twenty health and accident insurance companies pay *633 claims for confinement at the Clinic without question, including National Bankers Life Ins. Co., The Paul Revere Life Insurance Company, Reserve Life Insurance Company, Combined Insurance Company of America, Bankers Life and Casualty Co., Lumberman's Mutual Casualty Co., and the Pilot Life Insurance Company.
"That the failure of the McDonald Clinic to have a registered graduate nurse on duty all of the time plaintiff was confined, and the lack of X-ray equipment on the premises did not impede plaintiff's recovery.
"That the admissions made herein by both parties are admissions of fact only and do not necessarily admit the relevancy of said facts, this being reserved to the arguments and the briefs to be filed herein."
This court is confronted with the resolution of three principal issues: (1) Whether the McDonald Clinic can be considered a "hospital" within the definition of a hospital as prescribed in the policy; (2) Whether or not the cause of plaintiff's confining illness is excluded from a particular limitation contained in the policy which provides: "This policy does not cover * * * hospitalization or any other loss for nervous or mental disorders, rest cure or alcoholism * * *"; and (3) The entitlement to statutory penalties under LSA-R.S. 22:657.
An insurance policy is a contract to which rules for construction of written instruments apply. In resolving the meaning of a policy effect must be given to every part of the insurance policy if possible, and while all ambiguities in the policy must be construed in the insured's favor and against the insurer, the policy, from terms of which the parties' intent is evident, must be given a reasonable interpretation consonant with its apparent object and the parties' plain intent. Quinones v. Life & Casualty Insurance Company of Tennessee, 1945, 209 La. 76, 24 So.2d 270; Hemel v. State Farm Mutual Auto Ins. Co., 1947, 211 La. 95, 29 So.2d 483; Stanley v. Cryer Drilling Company, 1948, 213 La. 980, 36 So. 2d 9; Oil Well Supply Company v. New York Life Insurance Co., 1949, 214 La. 772, 38 So.2d 777; Moll v. Mutual Health Benefit & Accident Ass'n, 1953, 223 La. 511, 66 So.2d 320. The intention of the parties is of paramount importance and must be determined in accordance with plain, ordinary and popular sense of the language used in the agreement and by giving consideration on a practical, reasonable and fair basis to the instrument in its entirety. Beard v. Peoples Industrial Life Insurance Company of Louisiana, La.App.1941, 5 So. 2d 340. Provisions in a life, health and accident policy should be given a liberal interpretation to the end that equity be done and the underlying beneficent purposes of the contract not be rendered nugatory. Manhein v. New York Life Insurance Company, La.App.1941, 5 So.2d 918. In Louisiana jurisprudence doubts, uncertainties or ambiguities in insurance policies are to be resolved in favor of the insured and against the insurer. Green v. Bankers Indem. Ins. Co., D.C., 84 F.Supp. 504, affirmed 5 Cir., 181 F.2d 1; Heiman v. Pan-American Life Insurance Company, 1935, 183 La. 1045, 165 So. 195; Ardoin v. Great Southern Life Insurance Company, 1937, 186 La. 583, 173 So. 112; Muse v. Metropolitan Life Insurance Company, 1939, 193 La. 605, 192 So. 72, 125 A.L.R. 1075; Powell v. Liberty Industrial Life Insurance Company, Inc., 1941, 197 La. 894, 2 So.2d 638; Garrell v. Good Citizens Mutual Benefit Ass'n Inc., 1943, 204 La. 871, 16 So.2d 463; Quinones v. Life & Casualty Insurance Company of Tennessee, 1945, 209 La. 76, 24 So.2d 270; Stanley v. Cryer Drilling Company, 1948, 213 La. 980, 36 So.2d 9; Robbert v. Equitable Life Assurance Soc. of United States, 1949, 217 La. 325, 46 So.2d 286; Moll v. Mutual Benefit & Accident Ass'n, 1953, 223 La. 511, 66 So.2d 320; LSA-C.C. art. 1958.
The first defense interposed by the insurer is that the McDonald Clinic does not meet the policy specifications of a hospital and that this is a condition to recovery of hospital benefits by plaintiff. In the ordinary accepted usage a hospital is an *634 institution for the reception and care of sick, wounded and infirm or aged persons. The word is used in many senses. 41 C.J.S., Hospitals, § 1. Another authority, 26 American Jurisprudence, § 2, states that: "In its widest sense, a hospital is the place appropriated for the reception of persons, sick or infirm in body or in mind." The definition set out in the policy is: "The word `hospital' wherever used in this policy means an institution which has a laboratory, X-ray equipment and an operating room where major surgical operations may be performed, and which maintains permanent and full time facilities for the care of over-night resident patients under the supervision of a licensed Doctor of Medicine or Osteopathy and which has a Graduate Registered Nurse always on duty."
The objection herein raised is directed at stipulated admissions that the hospital premises do not contain X-ray equipment and that a graduate registered nurse is not always on duty. From the agreed facts it appears that X-ray service in Jonesboro is made available to the McDonald Clinic under contract. From this we assume that with the exception of some inconvenience perhaps, patients at the McDonald Clinic have available adequate X-ray service. We fail to understand just in what manner the insurer is prejudiced by the fact that the X-ray machine is not situated in the hospital building. Undoubtedly, the purpose of the policy definition was to limit coverage to an institution which is generally accepted as meeting the requirements of a place to care for the sick and infirm.
Manifestly, the McDonald Clinic meets the requirement of supervision by a licensed Doctor of Medicine. It has an operating room where major surgical operations may be performed, and it maintains permanent bed space and full time facilities for the care of over-night resident patients. In attendance is a graduate, registered nurse, though not "always" on duty. We think the defense on this point is without merit as the presence of a registered nurse on duty for a major portion of the day substantially meets this condition of the policy.
According to undisputed evidence the institution is a recognized hospital and more than twenty health and accident insurance companies have accepted claims for confinement at the Clinic without question. We opine defendant's policy holders residing in and about Jonesboro considered the McDonald Clinic as a hospital within the intent of the policy. In terms of commonly accepted usage, we think the average policy holder would consider as a hospital any institution for confining illness requiring closer medical attention and care than can be given the patient at home. Certainly policy holders in order to determine the effect of the contract should not be required to check technical equipment and nursing qualifications maintained at hospitals.
Application of the asserted limitation of the policy can possibly be in contravention of LSA-R.S. 22:213(7), which statute expressly provides health and accident insurance may not require the service covered by the policy to be rendered by a particular hospital or person. In rural areas rarely does there exist more than one institution substantially meeting the general requirements of the hospital and if the insurer may define a hospital by imposing technical requirements which have no important relation to the treatment of the policy holder, the insurer may just as well direct its policy holders to a particular hospital or person. Be this as it may, we prefer to place the ruling herein on our finding that the McDonald Clinic substantially meets the requirements of a "hospital" as defined by the policy.
The second defense raised by the insurer is that plaintiff was confined to the McDonald Clinic because of an "acute skin eruption resulting from a nervous disorder". As stated above, the policy excludes coverage for hospitalization "for nervous or mental disorders, rest cure or alcoholism". We note that the contract does not attempt to exclude all coverage where nervous disorders, generally speaking, are involved. The policy evidences this, for under "Schedule of Operations" specific payment is provided *635 for, inter alia, "suture, decompression, and transplantation of single or multiple nerves, section of sensory root for fifth nerve neuralgia, and nerve stretching." Plaintiff was confined to the hospital for an acute skin infection and this is so regardless of whether or not its origin may be due to some nerve disorder. The Supreme Court had before it an analogous state of facts in Campasi v. Mutual Benefit Health & Accident Association, 1945, 207 La. 758, 22 So.2d 55, 56. There it was held that the provision in a policy exempting the insurer from liability for disability from a disease of organs which are not common to both sexes, would not be construed as exempting insurer from liability for a disability "`originating in' organs which are not common to both sexes." The insured's disability resulted from cancer of the ovary. Medical testimony showed that the disease had spread to organs which were common to both sexes such as the omentum and the abdomen. The insured was allowed recovery. The analogy to the instant case is clear. Even should we say that a skin eruption resulted from a nervous disorder there is no exclusion in defendant's policy from liability for a skin disorder. Furthermore, we are also inclined to view the subject clause as intended to cover only cases of confinement for mental disturbances. To rule otherwise would find the express grant of benefits under "Schedule of Operations for Nerve Disorders" in conflict with the clause under discussion and no exceptions are mentioned.
It is our conclusion, therefore, that the insured may not be denied benefits under provisions of the policy because of the defenses urged.
There only remains the consideration of whether the judgment should be amended to award statutory penalties as imposed by LSA-R.S. 22:657, which provides that unless a just claim is paid within thirty days after demand the insurer shall be subject to a penalty of double the amount of health and accident benefits due, together with attorneys' fees to be determined by the court. These penalties are not to be imposed where the insurer acts upon just and reasonable grounds, such as would put a reasonable and prudent business man on his guard. The trial court in considering this issue, concluded the defendant sought no unjust delay in the trial of the suit, that substantial issues were involved and therefore defendant should be excused from penalties, with citation of Womack v. Life & Casualty Insurance Company of Tennessee, La.App.1938, 184 So. 357. We approve of the finding by our brother of the district court that plaintiff should not be awarded the penalties as substantial legal issues are presented.
It follows from our reasons as set forth above that the judgment from which appealed should be affirmed at appellant's cost.