BOLIN, Judge.
Freddie B. Negem sued National Central Insurance Company for benefits plus penalties and attorneys’ fees upon an accident and hospitalization insurance policy issued by National Central Insurance Company to Negem. From judgment rejecting his demands plaintiff has appealed.
The policy is styled an “Automobile Owner’s Family and Hospital Policy” and this suit requires interpretation of the following policy provision:

“Total Disability Hospital Confinement Benefits

“Part Two
“If ‘Such Injury’ as is described in the Insuring Clause, independently of all other causes shall as a direct result thereof necessarily continuously confine the Insured within a hospital while requiring regular treatment within the hospital by a legally qualified Medical or Osteopathic physician or surgeon, then the Company will pay benefits to the Named Insured, commencing with the first day of hospitalization, so long as such confinement and treatment continues, and indemnity for one day or more, resulting from any one accident, at the rate of One Thousand Dollars ($1,000.00) per month not to exceed Twelve (12) months, total payments not to exceed Twelve Thousand Dollars ($12,000) while the policy continues in force. Benefits payable under this Part are payable in addition to benefits payable under Part One.”
The case was tried on the pleadings, exhibits and a stipulation of facts which are undisputed. Negem received an advertisement through the mail from defendant in response to which he made application for insurance to the company in Kansas City, Missouri. A policy of insurance, dated February 5, 1966, was mailed to him in Jonesboro, Louisiana, and it is admitted the policy was in effect and afforded coverage at the time of the accident.
*471 On March 13, 1966, Negem was involved in a rear-end automobile collision resulting in what first appeared to be a whip-lash type injury. The following day he was unable to get out of bed. Being unable to walk without difficulty, he spent most of his time at home in bed until he first sought medical attention from Dr. Robert L. Firnberg at the Hodge Clinic. Dr. Firnberg advised plaintiff to rest in bed and see an orthopedic surgeon.
On April 23, 1966, Negem was flown by private plane to Tyler, Texas where he was examined by Dr. Patrick M. De-Charles, orthopedist, who detected a possible herniated disc and recommended a myelogram, but Negem refused it. Alternatively, Dr. DeCharles recommended traction and Negem returned by airplane to Jonseboro with the intention of being placed in traction at the Hodge Clinic but had to wait until May 5th for a bed. On that day he was placed in traction and remained continuously in the clinic until May 10th. Upon his release from the clinic Negem continued bed rest at his home pursuant to Dr. Firnberg’s instructions.
On May 17th Negem was again flown to Tyler where he was hospitalized for one day at Mother Frances Hospital and underwent a myelogram from which Dr. DeCharles made a positive finding of disc injury and an operation was scheduled. Following his release from the hospital on May 18th, he returned home, spending most of his time in bed awaiting the operation.
On June 20th Negem was flown back to Mother Frances Hospital where he underwent a laminectomy on the day of his arrival. He was released from the hospital on June 27th remaining in Tyler at his brother’s home until July 1st when his stitches were removed and he returned to Jonesboro.
National Central admitted it owed Ne-gem for the period he was confined in the Hodge Clinic from May 5th to May 10, 1966, and sent him a check dated August 29, 1966 for $166.66. This check was neither returned nor cashed by Negem.
In the lower court and on appeal plaintiff seeks $1666.66, contending he was “continuously confined” from May 5th through June 27, 1966, and, under the policy, he is entitled to benefits from the first day of initial hospitalization until his discharge on June 27th. It is claimed that from the day Negem was first hospitalized until he was finally discharged from the Mother Frances Hospital he was either actually confined to the hospital or was in the process of being treated at home or being transferred from one hospital to another. Under these circumstances appellant takes the position a liberal interpretation of the policy provision would equate the intervening days between each actual confinement to hospital confinement within the purview of the policy.
Appellant has cited no cases interpreting the insurance policy in accordance with his argument. Plaintiff and defendant concede the interpretation of the insurance clause before us in this case is res nova in Louisiana. Appellant attempts to analogize this clause to policy provisions requiring “confinement indoors” and “confinement to bed”. In Bankson v. Mutual Ben. Health & Accident Ass’n, 208 La. 1008, 24 So.2d 59 (1945), it was held the phrase “which confines the insured continuously within doors” did not mean the insured was prohibited from leaving his house in order to visit his physician or to engage in recommended exercise for therapeutic purposes. Cases cited from other states interpreting “confinement within doors” seem to be in accord with the holding in Bankson. However, we do not think the cases interpreting the “confinement within doors” clause are decisive of the issue before us in the instant case.
Counsel for appellee correctly argues in brief before this court that a contract of insurance is the law between the parties and should be enforced as written where no doubt or ambiguity exists. *472 Our study of the entire insurance contract, and specifically Part II, quoted supra, convinces us the policy was intended to provide coverage only for periods of actual hospital confinements. To interpret the policy so as to permit recovery by Negem for all of the intervening days between the three separate hospital confinements in the instant case would be to render meaningless the words “continuously confined”.
Even though we hold plaintiff is not entitled to recover for the days he was not confined to a hospital, we think it is equally clear that he is entitled to recover for more than one continuous hospital confinement. In the instant case plaintiff was confined to a hospital on three separate occasions. Each period of hospitalization was necessitated by the same injury and we find nothing under Part II of the policy to prohibit payment for each period of hospitalization commencing with the first day of each confinement so long as that particular confinement continued. Applying this interpretation to this case we conclude plaintiff is entitled to recover for the five days he was confined to the Hodge Clinic, for the first confinement to the Mother Frances Hospital for one day, and for the third confinement to the Mother Frances Hospital for six days.
The interpretation we place upon the insurance policy means an insured may be paid for multiple hospital confinements so long as each is continuous and stems from the same injury. To place any other meaning upon the policy provision could lead to absurd consequences. For example, an insured could be involved in a serious accident, be taken to a hospital for emergency observation and be released in one day. Complications could develop resulting in his being hospitalized over a long, continuous period for a serious injury. If the provision in the instant case were interpreted to mean only one confinement was compensable, the insured in the hypothetical case would be entitled to recover for only one day. We do not think the provision was intended to be so interpreted.
Plaintiff has sued for penalties and attorneys’ fees pursuant to La.R.S. 22:657, claiming defendant’s failure to pay the full amount sued for was unreasonable and imprudent. Since we have been cited to no Louisiana cases interpreting a similar policy provision, we hold defendant was entitled to litigate this claim.
Plaintiff was hospitalized a total of twelve days, which entitles him to the sum of $400 based on the rate of $1000 per month. It was stipulated defendant issued plaintiff a check on August 29, 1966 for $166.66 in payment for the five days he was confined to the Hodge Clinic. However, as far as the record reflects, Negem has never cashed this check.
For the reasons shown the judgment appealed from is reversed and set aside, and it is now:
Ordered, adjudged and decreed there be judgment in favor of Freddie B. Negem and against National Central Life Insurance Company in the sum of Four Hundred and No/100 ($400) Dollars, together with legal interest from the date of judicial demand until paid and all costs of these proceedings.
HEARD, J., dissents with written reasons.