302 So.2d 627 (1974)
Ella BROUSSARD, Plaintiff-Appellee-Appellant,
v.
NATIONAL AMERICAN LIFE INSURANCE COMPANY, Defendant-Appellant-Appellee.
No. 4732.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
Rehearing Denied November 20, 1974.
Writ Refused December 20, 1974.
*629 Voorhies & Labbe, Vance R. Andrus, Lafayette, for defendant-appellant.
Thompson & Sellers, Roger C. Sellers and Durwood W. Conque, Abbeville, for plaintiff-appellee.
Before FRUGÉ, MILLER and WATSON, JJ.
MILLER, Judge.
Defendant National American Life Insurance Company appeals the judgment ordering it to pay $1849.19 under its hospital and medical insurance policy issued to plaintiff Ella Broussard. It contends the insured was hospitalized and treated for an excluded illness. Plaintiff answered the appeal seeking penalties and attorney's fees. We affirm in part and reverse to award penalties and attorney's fees.
The insured was admitted to the hospital by her treating physician Dr. John Straub. He was treating her for abdominal pains related to surgery performed several years before by another surgeon. He visited Mrs. Broussard daily and treated her in the hospital for the abdominal discomfort. Numerous tests relating to this physical complaint were run and several deficiencies found. Although the hospital pathologist's findings did not lead to a specific diagnosis, some findings indicated a viral disease. The numerous tests were run for problems not related to alcoholism or a functional nervous or mental disorder.
During the course of treatment the patient stated that she was nervous and possibly drank more than was good for her health. For that reason Dr. Dupuy, a psychiatrist, was called for consultation. His bill is not a part of this claim.
After, ten days in the hospital, Mrs. Broussard was discharged with a discharge statement which inadvertantly contained only one diagnosis, that of "depression reaction."
Her claim for reimbursement for some of her hospital and medical expenses was refused by defendant National American on the basis of the following exclusionary clause:

PART 3. EXCEPTIONS, LIMITATIONS AND EXCLUSIONS
1. This policy does not cover any loss or expenses incurred on account of:......
(c) functional nervous or functional mental disorders or....
4. This policy does not cover any loss or expense incurred on account of alcoholism or drug addiction except as provided under Intoxicants and Narcotics in the General Provisions of this policy.
The issues are: (1) is Mrs. Broussard's illness excluded under the terms of the medical insurance policy, and (2) if not, is she entitled to statutory penalties and attorney's fees under LSA-R.S. 22:657?
The insurer who denies a claim based upon an exclusion bears the burden of proving existence of the requirements for the exclusion. Hartford Fire Insurance Company v. Wilson, 252 So.2d 161 (La.App. 3 Cir. 1971).
After reviewing the evidence the trial judge stated:
.... I am convinced that her initial complaint was of some abdominal distress and that is why she was hospitalized. The fact that she may have been treated while there for a drinking problem or mental depression does not make any difference.... I do not read the exclusion to deny her right to recovery under these circumstances.
This determination is supported by the record. The treating physician's tentative diagnosis when he admitted the patient into the hospital was lower abdominal discomfort, secondary to previous surgery. His final diagnosis was abdominal pain secondary to adhesions, possibly alcoholism.
*630 National American's defense is based upon the discharge summary which appeared in the hospital records. This summary which appeared over Dr. Straub's signature stated a diagnosis of "depressive reaction." National American's officer in charge of this claim testified that the diagnosis determines whether a claim will be honored, and since this diagnosis indicated only a functional nervous disorder, they concluded that no other investigation was indicated. No other investigation was undertaken.
Dr. Straub wrote a letter stating that "depressive reaction" was not the correct diagnosis, and that the patient had been admitted for pain in her stomach. His letter was furnished to National American, but since this did not state another diagnosis, it was concluded that the claim was properly denied.
In his pretrial deposition, Dr. Straub stated that his diagnosis at discharge was "Abdominal pain, etiology probably secondary to adhesions, possibly alcoholism."
Dr. Dupuy testified that the patient's "depressive reaction" did not require hospitalization and that the hospitalization was primarily for abdominal pain and nervousness. He also testified that the patient was not an alcoholic.
There is no manifest error in the trial judge's factual determination. Although there never was a positive diagnosis concerning the cause of Mrs. Broussard's abdominal pain, the evidence uniformly shows that Mrs. Broussard was admitted to the hospital, examined and treated during her hospitalization for abdominal pain. Treatment relating to functional nervous or mental disorders or alcoholism was only incidental. National American therefore failed to prove its defense.
A similar result was reached in McKinney v. American Security Life Insurance Company, 76 So.2d 630 (La.App. 2 Cir. 1954) where a similar exclusion was at issue. Plaintiff suffered from an acute skin eruption resulting from a nervous condition. The policy there, as here, contained a "Schedule of Operations" which provided payment for operations on the brain and nervous system. In allowing recovery, the court stated at 76 So.2d 634-635:
... the policy excludes coverage for hospitalization "for nervous or mental disorders, rest cure, or alcoholism." We note that the contract does not attempt to exclude all coverage where nervous disorders, generally speaking, are involved. The policy evidences this, for under "Schedule of Operations" specific payment is provided for... Plaintiff was confined to the hospital for an acute skin infection and this is so regardless of whether or not its origin may be due to some nerve disorder.... Furthermore, we are also inclined to view the subject clause as intended to cover only cases of confinement for mental disturbances. To rule otherwise would find the express grant of benefits under "Schedule of Operations for Nerve Disorders" in conflict with the clause under discussion and no exceptions are mentioned.
The indication in a hospital record that the patient's illness might be related in part to an excluded condition does not automatically exclude coverage for the entire illness and hospitalization. The record is replete with references to Mrs. Brossard's complaints of pain not related to the excluded conditions. The tests and there were substantial tests were totally related to her physical complaints. Not one physician testified that her hospitalization was exclusively or primarily for treatment of alcoholism or for nervous or mental disorders.
It is apparent that National American did not understand its obligation to prove the facts which establish its exclusion. It seems to argue that its insured must establish that the exclusion does not apply. National American had the burden of producing one opinion from one of the three physicians *631 who saw their insured in the hospital that her confinement was exclusively or at least primarily related to alcoholism or functional nervous or functional mental disorders. They failed to carry this burden. Every physician testified that her confinement was related to treatment for complaints not related to the excluded conditions.
We find manifest error in the trial court's rejection of Mrs. Broussard's claim for penalties and attorney's fees under LSA-R.S. 22:657. National American defendants this claim alleging that it was never furnished with a diagnosis other than "depressive reaction." The fact remains that National American made no effort to determine why their insured was submitted to EKG tests, barium enema with fluroscopy, tests for mono, and various blood tests. Had National American undertaken an investigation to determine whether or not it could carry its burden to establish its policy exclusion, it would have learned that this patient was discharged with one diagnosis being abdominal pain secondary to adhesions, and that the complications relating to excluded conditions formed no part of their insured's claim. Their denial of the claim was therefore arbitrary and capricious.
An insurer must take the risk of misinterpreting its policy provisions. When it misinterprets its own contract, this does not necessarily constitute reasonable ground for refusing payments of benefits, and will not automatically relieve the insurer of an assessment of penalties and attorney's fees. Albert v. Cuna Mutual Insurance Society, 255 So.2d 170 (La.App. 3 Cir. 1971).
If National American relied upon the exclusion of "functional nervous or mental disorder," their interpretation of this clause was rejected in McKinney v. American Security Life Insurance Company, 76 So.2d 630 (La.App. 2 Cir. 1954). The failure of an insurer to pay a claim due to an erroneous interpretation of a policy provision in light of previous judicial determination, is arbitrary and capricious. Landry v. State Farm Mutual Automobile Insurance Company, 298 So.2d 291 (La.App. 1 Cir. 1974); Vallot v. All American Assurance Company, 302 So.2d 625 (La.App. 3 Cir. 1974).
Reasonable attorney fees for the services rendered by plaintiff's counsel are set at $1,000.
The judgment recognizing Mrs. Broussard's claim against National American is affirmed. That portion of the judgment denying penalties and attorney's fees is reversed and set aside. It is hereby ordered, adjudged, and decreed that plaintiff have judgment against defendant in the amount of $1,698.38 (double the claim), plus $1000 attorney's fees, together with legal interest on the whole from the date of judicial demand, until paid. Court costs are assessed to defendant.
Affirmed in part; in part reversed and rendered.