326 So.2d 383 (1976)
Alberta J. DORTLON, Plaintiff-Appellee,
v.
UNION FIDELITY LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 5301.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1976.
Ronald E. Corkern, Jr., of Watson, Murchison, Crews & Arthur, Natchitoches, for defendant-appellant.
Kelly, Seaman & Ware by Richard N. Ware, Natchitoches, for plaintiff-appellee.
Before MILLER, WATSON and CUTRER, JJ.
MILLER, Judge.
Defendant Union Fidelity Life Insurance Company appeals the judgment awarding plaintiff Alberta Dortlon hospitalization benefits due under her insurance policy together with penalties and attorney fees. We affirm.
Union Fidelity contends the Hanna Clinic and Hospital where Dortlon was confined was not a "hospital" under the policy definition stating:
"Hospital" means a legally operated institution which: maintains and regularly uses on its premises a laboratory, X-ray equipment and operating room where major surgical operations may be performed; maintains permanent and fulltime facilities for the care of overnight resident bed patients under the supervision of a licensed Physician; provides 24-hour-a-day nursing service by graduate *384 Registered Nurses; and maintains on the premises the patient's written history and medical records. The word "hospital" shall not include any institution for whose services payment would not be legally required in the absence of insurance, or any facility contracted for or operated by the United States Government for the treatment of members or ex-members of the armed forces; and shall not include any institution or part thereof used, other than incidentally, as a place for rehabilitation, rest, the aged, drug addicts or alcoholics, a mental institution, sanitarium, nursing or convalescent home, a long term nursing unit or geriatrics ward, or as an extended care facility for the care of convalescent, rehabilitative or ambulatory petients.
The facts are not in dispute. Dortlon was admitted to Hanna Clinic and Hospital in Coushatta, Louisiana subsequent to an injury and was hospitalized for twenty days. At that time her policy with Union Fidelity provided up to $40 per day benefits for hospitalization.
Union Fidelity contends the policy definition of "hospital" was not met in that 1) surgery had not been performed at the Hanna Clinic and Hospital within the past ten years, and 2) the clinic and hospital does not have a graduate Registered Nurse on the floor during all of the three daily shifts.
The testimony established all other policy requirements were met, and the hospital is licensed by the State of Louisiana. The operating room in the clinic and hospital was maintained and it, together with the equipment and supplies needed to administer anesthetics, was always available for surgical procedures. The operating room had not been used for ten years because the doctor preferred, as a medical judgment in the patient's interest, to use readily available superior facilities in the nearby Shreveport area.
In McKinney v. American Security Life Insurance Co., 76 So.2d 630 (La.App. 2 Cir. 1954) the court considered a similar definition of the hospital facilities covered by the policy. Although that policy required the facility to have X-ray equipment, the court found coverage where the equipment was not on the hospital premises. X-ray was available elsewhere under contract. While Hanna Clinic & Hospital does not strictly comply with the requirement that the operating room be regularly used, the operating room is maintained in a state of readiness in accordance with licensing requirements.
The insurance company's interest served by restricting the type hospitals to which their policy applies is to provide a superior standard of care to the end that their insured may have a speedier recovery and lower hospital costs. See the annotation under "hospitals" as defined in hospitalization policies, 46 A.L.R.3d 1244, § 2. As applied to cases where the operating room was not needed, the clause is an exclusion applying only to the unwary. This interpretation is inconsistent with the apparent object and intent of the parties, and is rejected.
Hanna Clinic and Hospital's nursing staff consisted of two graduate Registered Nurses and four Licensed Practical Nurses. One RN was director of nursing and was on duty during daylight hours and "on call" the remainder of the time. The other RN was on duty during one of the three shifts each day. When either of the RNs was on vacation, or unavailable, the doctor is always available.
With respect to the requirement that "hospitals" provide "24 hour-a-day nursing service by graduate Registered Nurses," McKinney, supra, held that having RNs "on call" was substantial compliance with the requirement. If the policy definition was taken literally, hospitals would not be allowed to furnish routine care by LPNs under RN supervisiona result incompatible with ordinary practice. The RN services provided at this clinic and hospital meets the "hospital" standards prescribed *385 by the state licensing agency. There is no manifest error in the trial court's finding Hanna Clinic and Hospital complies with the policy's nursing requirement.
To apply a strict interpretation of the policy provisions would place an unreasonable burden on the insured. Before seeking treatment the insured would have to ascertain not only whether a facility had RNs, X-ray equipment, a laboratory and operating room on the premises, but also the extent to which they are used. The result would be different if there was a total lack of one of these features, but a reasonable compliance with these terms is adequate to further the insurance company's interest without unreasonably burdening the insured.
We distinguish Herring v. American Bankers Insurance Company, 216 So.2d 137 (La.App. 2 Cir. 1968) on which defendant relies. The restriction there pertains not to features of the institution, but to its membership in one or more of three organizations. The criterion is not susceptible of substantial compliance. The institution either is or is not a member of the requisite organizations. Compliance by the institution can be readily determined.
Finally Union Fidelity contends it had reasonable grounds for refusing to pay benefits, and therefore penalties and attorney fees should not be assessed. Under LSA-R.S. 22:657 plaintiff is entitled to recover a penalty of double the amount of the claim plus attorney's fees unless "just and reasonable" grounds such as would put a reasonable and prudent businessman on his guard are shown to have existed.
Where the issue is res nova, refusal to pay until the issue is litigated has been allowed without penalties attaching. Negem v. National Central Life Insurance Company, 245 So.2d 469 (La.App. 4 Cir. 1974). But that is not the case here, for the McKinney case interpreted virtually identical clauses and denied both defenses. In McKinney, supra, the trial court refused to award penalties and attorney fees, and the appellate court affirmed. This appellant has failed to show manifest error in the trial court finding that justification was not established and the policyholder was entitled to penalties and attorney fees.
Union Federal finally contends the $1,000 attorney fee was excessive because it exceeds the $800 claim. The fee is intended to be a reasonable compensation for the services required to successfully conclude the claim. To limit the fee to the amount of the claim would effectively deny persons with claims amounting to less than reasonable compensation for minimum services the benefit intended by the statute. We find no manifest error in the trial court's refusal to apply such an arbitrary limitation.
The trial court judgment is affirmed at appellant's costs.
Affirmed.