DUPLANTIER, Judge.
The district court granted plaintiff’s motion for summary judgment in the amount of $5,937, for hospital and nursing expenses under a health and accident insurance policy issued to plaintiff by defendant. Defendant appealed, and plaintiff answered the appeal, seeking statutory penalties and attorney’s fees denied by the district court judgment.
The facts are not in dispute. They were all established in affidavits filed in support of plaintiff’s motion for summary judgment. Defendant filed no opposing affidavits.
Plaintiff, who was then 84 years old, suffered a fractured hip and shoulder when an automobile struck her while she was walking across a street. She was taken by ambulance to Touro Infirmary, where surgery was performed and where she remained for about a month. She was transferred by ambulance from Touro to Medicenter, an extended care facility. About nine months later, plaintiff was moved from Medicenter to a custodial nursing home.
*761 During the early part of her stay at Med-icenter, plaintiff’s condition became critical. Her physician ordered that she be attended constantly by registered nurses, necessitating three shifts of nurses each day. Because of an acute shortage, after considerable effort Medicenter was able to locate only one registered nurse. Therefore, licensed practical nurses were used for the other two shifts.
Defendant paid various claims under the policy but refused to pay the proportion specified in the policy for the charges expended by plaintiff for room and board at Medicenter[1] and for the fees of the two practical nurses.[2]
Defendant’s refusal to pay these two items is based upon its contention that Med-icenter is not a “hospital” as defined in the policy, and that the policy provides payment for the private duty services of registered nurses only, not licensed practical nurses.
The policy in question defines “hospital” as follows:
“ ‘Hospital’ means a place, other than a convalescent or nursing or rest home, having accommodations for resident bed patients, a laboratory, a registered nurse always on duty and an operating room where surgical operations are performed by a legally qualified physician.”
Medicenter occupies the second and third floors of a modern building, located across the street from Touro Infirmary. Medicen-ter regularly accepts resident bed patients. It provides within the Medicenter building x-ray services, physical therapy and a fully equipped pharmacy. Registered nurses are always on duty, and a physician is always on call. The care provided is effectively the same as that provided by an acute general hospital for its recuperating patients. While Medicenter does not have an operating room nor a laboratory in the building in which plaintiff was a patient, it does have written contracts with two other nearby hospitals to use their operating room facilities for Medicenter patients who need surgery and with a full-scale laboratory operated by pathologists in an adjacent building.
It is defendant-appellant’s position that since Medicenter does not have a laboratory or operating room on its premises, it does not come within the policy definition of hospital. The trial court reached a contrary conclusion, with which we agree.
For over twenty years, the jurisprudence in Louisiana has been that if a facility in which an ill policyholder is confined for treatment substantially meets the definition of a “hospital” within a health and accident policy, the insured’s expenses while a patient therein are covered by the policy. McKinney v. American Security Life Insurance Company, La.App., 76 So.2d 630 (1955). That Medicenter substantially complies with the policy definition is hardly arguable. Indeed, Medicenter literally complies with the policy definition, for it has “accommodations” for both a laboratory and operating room. Nothing in the policy requires that the “accommodations” for these facilities must be in the same building in which the patient’s bed is situated. Considering the tremendous costs which would be involved in duplicating all such facilities, costs which would have to be passed on to the patients and their insurers, such duplication would certainly not be in the best interest of the general public nor of health insurers.
Plaintiff’s total expenses related to her injuries were substantially reduced by her transfer from Touro Infirmary to Medicen-ter, to her insurer’s benefit. To adopt appellant’s interpretation of the policy definition would effectively thwart the entire purpose of extended care facilities such as Medicenter, to the particular detriment of health insurers and their policy holders who would be compelled to pay higher premiums, and to the detriment of society in general.
Appellant’s second contention, that it is not liable for expenses for nursing *762 services ordered by plaintiff’s physician while she was critically ill, because the services were not provided by registered nurses, is equally without merit.
The treating physician ordered that plaintiff be attended constantly by registered nurses because she was in danger of death. Attempts by Medicenter and plaintiff’s family to comply with the doctor’s orders were partially unsuccessful, due to a shortage of registered nurses. Plaintiff’s family advised defendant insurer’s representative that licensed practical nurses were being used during two of three daily shifts, instead of registered nurses, and sought in vain defendant’s assistance in obtaining registered nurses. The licensed practical nurses who attended plaintiff during her crisis worked under the close supervision of a registered nurse constantly on duty at the nurses’ station, 40 feet from plaintiff’s room, with “intercom” communications between the room and the nurses’ station.
It is true that the policy by its terms covers expenses of “private duty services of a registered, graduate nurse, other than a practical nurse.” However, under the circumstances of this case, appellant certainly should not be denied reimbursement for expenses which she actually incurred for nursing services essential to her treatment, simply because it was impossible to obtain the registered nurses ordered by her physician.
The trial court failed to award plaintiff penalties and attorney’s fees. Under LSA-R.S. 22:657 plaintiff is entitled to recover a penalty of double the amount of the claim plus attorney’s fees unless “just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard” form the basis for the insurer’s denial of the claim. We conclude that no “just and reasonable grounds” existed for the denial of plaintiff’s claim and that penalties should have been awarded, for the following reasons:
(a)No reasonable ground existed for the contention that Medicenter is not a hospital, in view of the nature of the institution, the condition of plaintiff’s health and the treatment she received while confined there, and particularly in view of the substantial compliance rule in effect in Louisiana for the period of over 20 years since the McKinney case.
(b) The contention that the expense for practical nurses is not covered was equally unreasonable. While the issue may be res nova in this state, it is hardly reasonable for an insurer to deny a claim for a lesser expense for practical nurse wages on the ground that the policy covers only registered nurses, when the treating physician orders registered nurses for a patient in danger of death, and when a nurse shortage makes it impossible to obtain registered nurses despite considerable effort. Defendant’s position would penalize the policy holder because of a shortage of registered nurses. If that is a reasonable application of the policy, then the insurer would never be liable for necessary nursing expenses in a community in which no registered nurses are ever available.
(c) All of the above facts were well known to defendant before suit was filed, and were established in extensive and specific detail in the affidavits in support of plaintiff’s successful motion for summary judgment. Although it filed not one affidavit in opposition to the facts set forth in plaintiff’s affidavits, defendant nevertheless continued to resist reimbursement of these items of expenses. For the reasons assigned, the judgment
appealed from is amended, and it is now ordered that there be judgment in favor of plaintiff, Rebecca B. McCutchon, and against the defendant, Mutual of Omaha Insurance Company, in the full sum of $11,-874,[3] plus attorney’s fees in the sum of $1,500. Costs in both courts are to be paid by appellant.

AMENDED AND AFFIRMED.

. $4,650 (75% of $6,201 paid by plaintiff).

. $1,286 (75% of $1,715 paid by plaintiff).

. Double the amount of plaintiff’s claim as recognized by the trial court.