367 So.2d 1257 (1979)
Carol RYDER et al., Plaintiff-Appellee,
v.
Jean TRISLER and W. L. Trisler, Defendants-Appellants,
Maryland Casualty Co., Defendant-Appellant.
No. 6802.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1979.
*1258 Gist & Methvin, DeWitt T. Methvin, Jr., Alexandria, for defendants-appellants.
Gist & Methvin & Trimble by David Hughes, Alexandria, for defendant-appellant, Maryland Cas.
Gold, Little, Simon, Weems & Bruser, John F. Simon, Alexandria, Gravel, Roy & Burnes, James J. Brady, Alexandria, for plaintiff-appellee.
Before WATSON, CUTRER, and DOUCET, JJ.
DOUCET, Judge.
This is a personal injury suit arising out of an automobile accident. On December 27, 1974, at approximately 11:15 A.M., plaintiff, Carol J. Ryder, accompanied by his wife and daughter, was proceeding in a westerly direction on Louisiana Highway 28 in Rapides Parish. The road was still wet from rain, which had recently fallen. Defendant, Ruby Jean Trisler, was travelling in the same direction, ahead of the Ryder vehicle. Defendant, Ronald J. Wilson was approaching from the opposite direction at a speed of forty-five miles per hour.
When the Wilson vehicle was approximately four car lengths away, Mrs. Trisler activated her left turn signal indicator and shortly thereafter executed a left turn into the driveway of a pharmacy. Ronald Wilson applied his brakes but was forced to swerve to the left to avoid hitting Mrs. Trisler's car. Although he succeeded in missing her, he was unable to retain control of his car, which continued to slide sideways down the highway. The front end of his car struck the Ryder vehicle. His car then spun around, its rear striking a vehicle driven by John Moser, which had been following the Ryders. It then crossed back to the right lane and came to a stop in a ditch to the right of the highway.
The district court found that defendant, Ruby Jean Trisler, was guilty of negligence, which was the sole proximate cause of the *1259 accident. She and her husband, together with their liability insurer, State Farm Mutual Automobile Insurance Company, were ordered to pay damages. They appeal. Maryland Casualty Company was also held liable under the uninsured motorist provision of a policy it had issued on plaintiffs' car. It also appeals.
Three issues have been raised by this appeal. First, the Trislers and State Farm contend that the district court erred in concluding that Mrs. Trisler was guilty of negligence, which was the proximate cause of the accident. Second, they urge that the district court erred in finding that defendant, Ronald J. Wilson, was free from negligence. The third issue was raised by Maryland Casualty Company and concerns the applicability of La.R.S. 22:1406 D(2)(b), as amended by Act 154 of 1974, to the policy of insurance issued by it to plaintiffs, Carol J. and Ollie D. Ryder. The facts relevant to this issue will be discussed later.

I
The duty of a left turning motorist was set forth by this court in Aetna. Insurance Company v. Southern Farm Bureau Casualty Insurance Company, 347 So.2d 924 (La.App. 3rd Cir. 1977) in the following language:
". . . The jurisprudence of this state is well settled that a motorist who attempts to make a left turn from a public highway is required to ascertain in advance that the way is clear and that the turn can be made safely and without endangering overtaking or oncoming traffic. The failure of a left turning motorist to make such a determination and to exercise the required degree of caution before undertaking to make such a turn constitutes negligence. Sonnier v. Hardware Mutual, 242 So.2d 900 (La.App. 3rd Cir. 1971). The duty of the left turning motorist is two-fold, first to give a proper signal, and secondly to make proper observation that the turn can be made without endangering oncoming or overtaking vehicles. Bamburg v. Nelson, 313 So.2d 872 (La.App. 2nd Cir. 1975)."
The district court found that Mrs. Trisler had breached this duty by failing to allow sufficient time after giving her turn signal to adequately warn oncoming and overtaking traffic and by turning in front of a car traveling forty-five miles per hour, when it was only four car lengths away. We find ample support in the record for the district court's findings of fact, and we agree that Mrs. Trisler was negligent under the circumstances.

II
Although within the posted speed limit, a driver's speed may nonetheless be considered excessive under the prevailing conditions at the time of an accident. La. R.S. 32:64. The district court found that Ronald J. Wilson's speed was not unreasonable or a cause-in-fact of the collision. We agree. Given the proximity of the Trisler and Wilson vehicles when Mrs. Trisler began her turn, we do not believe that the accident would not have occurred but for the speed at which Mr. Wilson was traveling.
We also agree with the district court that Mr. Wilson's failure to maintain control of his car was not the result of negligence on his part. Mrs. Trisler's actions created an emergency situation which did not allow him sufficient time to fully consider the circumstances and alternative courses of action available to him. Because the emergency was not of his own making, he may not now be found guilty of negligence because he undertook an evasive maneuver, which he was unable to successfully complete. Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385 (1972).

III
On July 28, 1974, Carol J. and Ollie D. Ryder applied for automobile liability insurance with Maryland Casualty and Surety Company, through their son, Wayne Ryder, an agent of that company. At that time, a rider was issued, providing automobile liability coverage from 12:01 A.M. on that date. An insurance policy was subsequently issued on August 1, 1974 with a policy period of July 28, 1974 to July 28, 1975. As *1260 noted earlier in this opinion, the accident giving rise to this suit took place on December 27, 1974.
At the time the rider was issued, La.R.S. 22:1406 D(2)(b), as amended by Act 137 of 1972, provided:
"(b) For the purposes of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the uninsured motorist coverage carried by an insured." (Emphasis added)
The record shows that the Trislers were covered by an automobile liability insurance policy, issued by State Farm Mutual Automobile Insurance Company, with limits that were not less than the uninsured motorist coverage carried by the Ryders under the Maryland Casualty Company policy.
By the time the policy was issued on August 1, 1974, the above provision had again been amended by Act 154 of 1974, which became effective July 31, 1974. It now provides:
"(b) For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured's vehicle at the time of an accident, as agreed to by the parties and their insurers or as determined by final adjudication." (Emphasis added).
The provisions of the 1974 amendment apply to all policies issued after its effective date, July 31, 1974, but not to those issued before. Wilkinson v. Fireman's Fund Insurance Company, 298 So.2d 915 (La.App. 3rd Cir. 1972), writ refused 309 So.2d 657 (La.), O'Banion v. Allstate Insurance Company, 347 So.2d 878 (La.App. 3rd Cir. 1977). If we adopt the date of the rider as the relevant date, as urged by Maryland Casualty, plaintiffs will not get the benefit of the broadened coverage effected by the 1974 amendment. If we adopt August 1, 1974, as urged by plaintiffs, they will. For the following reasons, we hold that August 1, 1974 was the relevant date.
There was some confusion at the trial of this case, created by a stipulation entered into by counsel, concerning the power of the agent, Wayne Ryder, to bind Maryland Casualty Company. The district court originally held on the basis of that stipulation that he did not have the power to bind the company with regard to riders or policies. After clarification at a new trial, confined to this issue, it held that he was authorized to issue riders, binding on the company. However, as we understand the record in its entirety, he did not have authority to issue policies and the actual issuance of policies was in the discretion of Maryland Casualty Company. (TR 200).
In view of the fact that Wayne Ryder did not have authority to issue policies, we are unable to view the Ryders' application for insurance, submitted on July 28, 1974, as anything but an offer, which was not accepted by the company until August 1, 1974, when the policy was issued. There was no contract until this took place. La. Civ.Code arts. 1798, 1800 and 1803. The rider, which the agent was authorized to issue, was a separate contract, which terminated when the policy was issued.
Counsel for Maryland Casualty cites in his brief Moll v. Mutual Health, Ben. & Acc. Ass'n, 223 La. 511, 66 So.2d 320 (1953). It is implicit from the court's holding in that case that it viewed the application for insurance together with the payment of an advanced premium as a completed contract, subject to a resolutory condition, the right of the insurance company to accept or reject the risk. La.Civ.Code art. 2045. As noted above, we do not consider the submission of the application and issuance of the rider in this case as a completed contract from which the insurance policy flowed, due to the agent's lack of authority to enter into such a contract.
He also cites New Jersey Life Insurance Co. v. Henri Petetin, Inc., 311 So.2d 454 *1261 (La.1975) and Daniel v. Blue Cross of Louisiana, 358 So.2d 345 (La.App. 4th Cir. 1978). Those cases deal with the ability of parties to provide for an effective date of a policy other than the date of its issuance. We do not consider the insurance company's use of the date of the rider in determining the policy period to be sufficient evidence of such an agreement by the parties. Therefore, those cases are not applicable, here.
Our holding is not in conflict with this court's opinion in O'Banion v. Allstate Insurance Company, supra. We held there that the 1974 amendment to La.R.S. 22:1406 D(2)(b) did not apply to policies issued before July 31, 1974. Since we have concluded that the insurance policy was a second contract, which was completed on August 1, 1974, its effective date was after that of the amendment.
For the foregoing reasons, the judgment of the district court is affirmed in all respects. The costs of this appeal are assessed against Jean Trisler and W. L. Trisler and Maryland Casualty Company, defendants-appellants.
AFFIRMED.