BOUTALL, Judge.
This is a claim for benefits under a hospitalization and medical care policy. Pay *346 ment was refused by the insurer contending that plaintiff’s condition arose prior to the effective date of the policy, and hence came within an exception to the policy. The trial court granted benefits, and the insurer appealed.
The pertinent facts are that Fred C. Daniel had suffered for years with a chronic neuralgia arising from an injury to his back and several operations as a result thereof during 1962 and 1963. Although he suffered intermittent pain during that period, he had learned to cope with his problems and there was no necessity to seek medical treatment for his condition up to the time of the current events. On December 29, 1975, he signed application for a health insurance policy with Louisiana Health Service and Indemnity Company, better known as Blue Cross of Louisiana. The application was approved by an underwriter at Blue Cross on January 6,1976, with the effective date of the policy to be February 1, 1976. Some time during the second week in January, after the policy was approved, but before its effective date, Daniel attempted to put a spare tire into the trunk of a car, and when he leaned over he felt a cutting sensation or pulling sensation in his back and hip and began suffering such pain he could not work. This pain did not resolve itself as had the pain he suffered on previous occasions, and on January 29th he sought the medical services of Dr. Llewellyn. The episode resulted in his hospitalization in February, after the effective date of the policy, and is the basis of the claims made.
The insurer refused to pay the claim contending that the original effective date of the policy is February 1, and that the February medical care is subject to an exclusion contained in the policy in Article IX thereof:
“A. No Health Care allowance will be provided for:
1. services rendered during the first year of coverage for, or as a result of, any ailment, disease, or physical condition, the symptoms of which exhibit themselves before the Original Effective Date; * * ”
The issues presented to us are twofold, first, the effective date of the policy, and secondly, when did the symptoms of the physical condition arise. The trial judge gave detailed reasons for his judgment awarding benefits and concluded that the symptoms arose as a result of the injury in the second week of January, 1976. There is sufficient evidence in the record to support such a conclusion, and we agree. However, he also found that the effective date of the policy was its acceptance on January 6, and with this we disagree as a matter of law.
There is nothing in the application which makes the insurance effective upon the signing of the application and tender of the first month’s premium, but instead it shows that the policy is not to be issued unless there is an acceptance by the insurer. The acceptance by the insurance was on January 6, but that acceptance was conditional upon making the effective date of the policy February 1. The beneficiary was forwarded a card or certificate showing that to be the effective date, and indeed he raises no evidence to dispute this fact. We find nothing in the law which would preclude the insurer from issuing the policy effective February 1, and the contract is the ruling law between the parties.
Since we find the effective date of the policy to be February 1, it is apparent that the symptoms arose prior to that effective date, to-wit, the incident in the second week in January and the subsequent consultation with Dr. Llewellyn on January 29. The claimed medical treatment came within the policy exclusion. Accordingly, the judgment appealed from is reversed and plaintiff’s suit is dismissed at his cost.

REVERSED.