PRICE, Judge.
This action concerns a claim for benefits under a hospitalization and medical care policy issued by Louisiana Health Service and Indemnity Company, otherwise known as Blue Cross of Louisiana. The defendant-insurer refused payment contending the maternity and surgical benefits plaintiffs are claiming arose within an exclusionary period provided for in the policy. The trial court found for plaintiffs and awarded them judgment for $2,336.40 for medical expenses. We amend and affirm for the reasons assigned.
On this appeal defendant contends the trial court erred in finding ambiguity in the effective date of the contract and in failing to hold that the membership cards sent to plaintiffs which reflected an effective date of January 1, 1977, did not become part of the insurance contract. In any event defendant contends the amount awarded exceeds the schedule of benefits and the exclusion from coverage provided in the policy and the judgment should be reduced accordingly.
Plaintiffs, Mr. and Mrs. Richard Peterson, made application for the policy on December 15, 1976, and submitted their check in the amount of $179.73 for the first three months’ premium. The application was approved by defendant’s underwriter on December 16, 1976, and plaintiffs’ check was deposited in defendant’s account on December 20, 1976. Plaintiffs thereafter received a printed form policy describing the coverage afforded. They also received by mail two membership cards which show the insured’s name, the contract number, the “original effective date” and the “current effective date” of January 1, 1977.
The policy contains a provision excluding coverage for obstetrical charges arising within ten months of the “effective date” of the policy and for surgery performed on the reproductive organs within one year of the policy’s “effective date.” Mrs. Peterson *505 gave birth to a child on October 23, 1977, and underwent a tubal ligation on the following day. Payment for the claims for medical expenses connected with these two events was denied by defendant on the basis that the obstetrical care was received within ten months of January 1, 1977, the alleged effective date of the policy and that the tubal ligation is surgery which took place within one year of the effective date.
The issue presented is what is the “effective date” of the plaintiffs’ policy — if it is January 1,1977, as shown only on the membership cards, then both the ten month obstetrical and the one year surgery exclusions would bar plaintiffs’ claim completely. If the effective date is prior to December 23, 1976, then plaintiffs are entitled to at least the benefits for obstetrical medical care provided by the policy.
The trial court found there was an ambiguity between the reference to “contract date” used in the application,[1] and the term “current effective date” used in the membership cards sent to plaintiffs. The court also found the membership cards should not be considered as they were not shown to have been attached to the policy which was sent to plaintiffs. The court further found that there was no intent on the part of plaintiffs in this instance to perpetrate a fraud on the insurer as the evidence shows Mrs. Peterson did not become pregnant until some time after the effective date claimed by defendant. On these findings the court found the exclusionary clause should be construed against defendant and awarded plaintiffs’ judgment for the amount claimed.
We do not find it necessary to address all of the arguments advanced by defendant on this appeal. If the membership cards cannot be considered as part of the insurance contract then there is no question that the effective date of the policy is uncertain and must be construed in a light most favorable to the insured.
Defendant contends that the cards must be considered part of the policy or otherwise plaintiff has nothing but the printed form policy which contains no personalized information designating plaintiffs as a named insured. Therefore defendant contends plaintiffs have not proven the existence of a policy as a primary basis for their claim. This argument can be answered by the admissions of defendant’s pleading which do not deny plaintiffs were insured as alleged by them in their petition.
Defendant on the other hand relies on the information reflected on the membership cards as a matter of defense and it is therefore its burden to show the cards were attached to the policy at the time it was forwarded to plaintiffs in order for the cards to be considered a part thereof.
Although the cards were introduced into evidence by defendant, the record in this instance is void of any evidence on the part of defendant showing that the cards were attached to or even mailed along with the printed form policy which was sent to plaintiffs. There is no admission by plaintiffs in their testimony that they were received at the same time. Defendant has not under these circumstances satisfied the burden of showing the cards were an attachment to the policy and these documents should not be considered in determining the effective date of plaintiffs’ coverage. The general provisions of the insurance code, specifically La.R.S. 22:624, subd. B(4) requires the policy to state the time at which the insurance takes effect and the period during which the insurance is to continue.
We do not find the case of Daniel v. Blue Cross of La., 358 So.2d 345 (La.App. 4th Cir. 1978), relied on by defendant, applicable in view of our finding that the membership cards have not in this instance been proven to have been attached to the policy.
Policies of insurance take effect from the date of issuance unless the contract provides for some other express specified date or time. New Jersey Life Insur *506 ance Co. v. Henri Petetin, Inc., 311 So.2d 454 (La.1975).
Because the policy mailed to the plaintiffs had no designated effective date, the policy became effective on either December 16, 1976, or December 20, 1976. Either date would entitle plaintiffs to maternity benefits provided for in the policy, but the tubal ligation surgery would clearly be excluded under the one year exclusionary period of the policy.
The trial court rendered judgment in favor of the plaintiffs and against the defendant in the amount of $2,336.40. The principal amount of that judgment was made up of $600 paid to the attending physician and a hospital bill in the amount of $1,736.40.
The doctor testified that his $600 fee was composed of a $350 charge for the delivery of the infant and a $250 charge for a tubal ligation. As already determined the tubal ligation procedure would be excluded under the policy. Therefore, the trial judge erred in awarding plaintiffs the surgical charge of $250. The schedule of benefits contained in the policy discloses that the maximum amount payable for “total obstetrical care” is $205, reducing the $600 award to $205.
With regard to the hospital bill, part of which is made up of a $62 a day room charge totaling $310, we find appellees’ policy rider No. 22XX9713, a part of the insurance contract, provides for a room allowance of only $30 a day. Therefore the maximum award for room costs is $150. This reduces the hospital benefits from $1,736.40 to $1,576.40.
The judgment is therefore amended to reduce the amount awarded plaintiffs to the sum of $1,781.40 and as amended is affirmed at appellant’s costs.

. It is admitted by defendant that appellants were not furnished a copy of the application at the time it was submitted nor was a copy of the application attached to the printed form policy mailed to plaintiffs.