LEMMON, Judge.
Mrs. Henry Johnson has appealed from a judgment which dismissed her suit to recover damages for the wrongful death of her husband in an automobile-pedestrian accident. The principal issue on appeal is the applicability of the last clear chance doctrine.
The accident occurred at 10:00 p.m. at the intersection of Jefferson Highway and Shrewsbury Road. Robert Powell was traveling east on Jefferson, which was a divided highway with three 12-foot wide lanes for eastbound traffic and also' a left turning lane at that intersection. Shrews-bury was a two-lane, two-way undivided street, 54 feet in width. The intersection was controlled by a signal light.
Powell had entered Jefferson about two blocks before the intersection and was driving in the center of the three travel lanes. Johnson was crossing from north to south, moving from the neutral ground to the sidewalk. Although Powell stated he never saw Johnson until the time of impact, all witnesses (in hopeless conflict on other points) agreed that some skidding occurred before the pedestrian was hit, indicating that prior to the impact Powell had seen and reacted to some stimulus and that there was sufficient additional time for his brakes to lock and begin skidding.
The trial court found, in written reasons, that Powell was traveling within the posted speed limit of 35 miles per hour as he approached the intersection; that Powell entered the intersection on a green light; and that Johnson crossed on an unfavorable light in an intoxicated condition. While there was also other evidence from which a contrary conclusion could reasonably be reached, there is sufficient credible evidence to support these findings, and we cannot say these factual findings were manifestly erroneous.
The judgment, however, held Powell negligent for failing to exercise proper vigilance and to keep his car under proper control. Nevertheless, the suit was dismissed because of Johnson’s contributory negligence.
*285 On appeal Mrs. Johnson, in addition to urging manifest error in the factual findings discussed above, argues the applicability of the doctrine of last clear chance. She contends that Johnson was in a position of peril from which he was unable to extricate himself and that Powell should have discovered Johnson’s peril while he (Powell) had a reasonable opportunity to avoid the accident.
Since Powell’s car, while in the middle lane, struck Johnson with the center of the hood, Johnson had walked approximately 30 feet (crossing 2V2 lanes) from the median to the point of impact. In the meantime Powell was traveling at 35 miles per hour or 51 feet per second, perhaps ten times faster than Johnson who was walking at a normal rate (perhaps three miles per hour, or four to five feet per second). Other significant factors in assessing Powell’s behavior are that there was little or no other eastbound traffic and that Johnson was a dark complexioned black man wearing dark clothes.[1]
We agree that Powell should have seen Johnson earlier. However, the penalty the law imposes upon a driver for failing to exercise proper vigilance is that the driver is presumed to have seen that which he should have seen.
As to Powell’s initial negligence, we note that if at some earlier point in time he had seen Johnson violating the law and crossing against the light (and we presume in law that he did see this conduct earlier), Powell had the duty to take reasonable precautions against hitting Johnson. Thus, Powell arguably was negligent not only in failing to see Johnson earlier, but thereafter in failing to avoid striking him.
As to the determination of last clear chance, however, Powell (still presuming he had seen Johnson earlier) would have been reasonable in assuming when Johnson first left the median that the pedestrian would stop at some point before stepping directly into his (Powell’s) lane. By the same token Johnson was not in a position of peril from which he could not extricate himself until just before he reached the lane in which Powell was traveling. Therefore, if Powell had seen Johnson (whom all witnesses described as walking normally, without staggering) two or three seconds earlier, there was nothing to indicate at that moment that Johnson (then barely in the left lane or perhaps still in the turning lane) was in peril. Compare Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4 (1952). Furthermore, since the doctrine of last clear chance applies to both parties (Bergeron, supra), either party at that point could have avoided the accident, and Johnson had an equal (and perhaps superior) chance to do so.[2]
Moreover, the doctrine of last clear chance contemplates that the defendant (assuming he saw what he should have seen when he should have seen it) must have a reasonable opportunity to avoid the accident after the plaintiff is in a position of peril from which he cannot extricate himself. Two or three seconds before Powell sensed the need to take action, Johnson could have avoided the impending danger by merely stopping. But when Johnson continued walking and assumed a position of peril from which he could not thereafter extricate himself, Powell no longer had a reasonable (much less clear) chance to avoid the accident.
This accident occurred because an intoxicated pedestrian crossed the street on an unfavorable signal in complete disregard for oncoming traffic. While the motorist under the circumstances should have seen *286 the pedestrian earlier (and was negligent in not doing so), this factor standing alone does not fulfill the requirements for applicability of last clear chance.
The judgment is affirmed.
AFFIRMED.

. The investigating officer described the lighting as “dark with continuous street lights”. In the 17 photographs taken immediately after the accident, it was difficult to see people in dark clothes who were some distance from the camera.
We disregard the officer’s testimony about skid marks as not proved to have been made by Powell’s car. The photographs show two sets of diverging skid marks, both of which ended some distance from the point Powell’s car came to rest.

. The fact of intoxication does not excuse a pedestrian from extricating himself from a potential position of peril by merely refraining to continue on his same course.