347 So.2d 924 (1977)
AETNA INSURANCE COMPANY et al., Plaintiffs-Appellees,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY et al., Defendants-Appellants.
No. 6065.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
*925 Edwards, Stefanski and Barousse by James M. Cunningham and J. Michael Stefanski, Crowley, for defendants-appellants.
Pugh, Buatt, Landry & Pugh by John F. Craton, Crowley, for plaintiffs-appellees.
Before DOMENGEAUX, GUIDRY and ROGERS, JJ.
GUIDRY, Judge.
This suit arises out of an automobile accident which occurred on December 3, 1975, at approximately 1:30 P.M., in the Parish of Lafayette on Louisiana Highway 35. Plaintiff, Aetna Insurance Company (hereinafter referred to as "Aetna"), the subrogated collision insurer, seeks to recover reimbursement for the amount it paid to its insured, Sidney Hayes, as a result of damage sustained by the insured's vehicle in the accident. Sidney Hayes, also joined in the petition seeking to recover the $100.00 deductible portion under the collision policy. Plaintiffs allege that the accident between Sidney Hayes, a left turning motorist, and Benita Thibodeaux, an overtaking motorist, was caused solely and proximately by the negligence of the latter. Made defendants are Sidney Thibodeaux, husband of Benita Thibodeaux, and Southern Farm Bureau Casualty Company (hereinafter referred to as "Southern Farm"), liability insurer of the Thibodeaux vehicle. The defendants filed an answer generally denying the allegations of plaintiffs' petition and pleaded the contributory negligence of Sidney Hayes as a bar to recovery. Southern Farm, the subrogated collision insurer of the Thibodeaux vehicle, and Sidney Thibodeaux, Southern Farm's insured, reconvened. In reconvention Southern Farm seeks to recover reimbursement for the amount of property damage suffered by the Thibodeaux vehicle and Sidney Thibodeaux seeks to recover the $50.00 deductible under the Southern Farm policy. Defendants (plaintiffs in reconvention) claim that the negligence of Sidney Hayes was the sole and proximate cause of the accident. Plaintiffs (defendants in reconvention) answered generally denying the allegations of fact set forth in the reconventional demand.
At the time of trial it was stipulated by the parties that repairs to Sidney Hayes' 1973 Chevrolet Pickup Truck amount to. $701.10 and that plaintiff, Aetna, was the holder of a subrogation receipt from Sidney Hayes in the amount of $601.10. It was further stipulated that repairs to Sidney Thibodeaux's 1970 Chevrolet amount to $467.00 and that defendant, Southern Farm, was the holder of a subrogation receipt from Sidney Thibodeaux in the amount of *926 $417.00. After trial the district court rendered judgment in favor of Aetna in the sum of $601.10 and in favor of Sidney Hayes in the sum of $100.00 and against the defendants, Sidney Thibodeaux and Southern Farm. The trial court dismissed the defendants' reconventional demand. Defendants appeal.
Sidney Hayes, the only witness called on behalf of the plaintiffs, testified that just prior to the accident he was traveling in a northerly direction on Louisiana Highway 35, in between Rayne and Kaplan. His testimony reveals that on the date of the accident the blacktop surface of the highway was under repair. Also the highway shoulders had been graded leaving a mound of dirt running parallel along the highway. Hayes stated that this mound or levee of dirt was approximately two or three feet off the blacktop surface. Hayes' testimony reveals that he was traveling at near 45 miles per hour when he crossed a small bridge about 500 feet from the intersection where he intended to turn left. As he crossed the bridge he prepared to turn onto a shell road to his left. He slowed down, engaged his left turn signal and later applied his brakes. He stated that he had previously noted the Thibodeaux vehicle was a distance behind him. When about 50 feet from his turn he again looked in his rear view mirror and saw that the Thibodeaux vehicle was just crossing the bridge. At that point Hayes estimated that the Thibodeaux vehicle was approximately 400 feet behind him. Just prior to the execution of his left turning maneuver Hayes again looked to his rear and saw that the Thibodeaux vehicle was some 200 feet behind him. Hayes stated that he was constantly aware of the presence of the Thibodeaux vehicle and could see no reason why he would not have been able to safely make his turn. Hayes began his left turn and as his front wheels entered the highway's shoulder he came to a near stop in order to cross over the ridge of dirt. Immediately thereupon the Thibodeaux vehicle collided into the left front fender and bumper. Hayes stated that he noticed the Thibodeaux vehicle was traveling very fast.
Mrs. Benita Thibodeaux was the only witness called on behalf of the defendants. She stated that as she went to pass the Hayes vehicle it suddenly turned into her. She saw no operating lights on the Hayes automobile. Mrs. Thibodeaux admitted however, that when she crossed the bridge the Hayes vehicle was approximately 400 feet in front of her. She further admitted that the position of the vehicles at the time of the accident was as testified to by Sidney Hayes, and that she had collided with the left front of the Hayes' vehicle.
Appellants contend that the trial court erred in concluding that the sole and proximate cause of the accident was the negligence of Mrs. Thibodeaux. More particularly, appellants contend that the trial court erred in finding that Mrs. Thibodeaux was traveling too fast during her passing maneuver and in finding that Mrs. Thibodeaux passed at a time when it was unsafe to do so. Secondly, appellants contend Sidney Hayes had a duty to ascertain in advance that he could safely make his left turn without endangering the overtaking motorist and that the trial court erred in not finding Sidney Hayes had breached this duty.
We consider the appellants' contentions in reverse order. The jurisprudence of this state is well settled that a motorist who attempts to make a left turn from a public highway is required to ascertain in advance that the way is clear and that the turn can be made safely and without endangering overtaking or oncoming traffic. The failure of a left turning motorist to make such a determination and to exercise the required degree of caution before undertaking to make such a turn constitutes negligence. Sonnier v. Hardware Mutual, 242 So.2d 900 (La.App. 3rd Cir. 1971). The duty of the left turning motorist is two-fold, first to give a proper signal, and secondly to make proper observation that the turn can be made without endangering oncoming or overtaking vehicles. Bamburg v. Nelson, 313 So.2d 872 (La.App. 2nd Cir. 1975).
*927 However, it is likewise well established that a motorist in judging whether a left turn can be made in safety has the right to assume that the following traffic will observe all the duties imposed upon it by law and common sense and is keeping a proper lookout. Faulkner v. Ryder Tank Lines, Inc., 135 So.2d 494 (La.App. 2nd Cir. 1961) writs denied February 2, 1962; Worley v. Heinen, 280 So.2d 301 (La.App. 1st Cir. 1973), writs refused September 14, 1973.
After examination of the record, in light of these well established jurisprudential rules, we are of the opinion that the evidence clearly shows that Sidney Hayes took every precaution in executing his left turn. He made close observation of the Thibodeaux vehicle 200 feet to his rear, gave a proper and timely left turn signal, applied his brakes and only then did he begin to carefully negotiate his turn to the left, where he momentarily stopped to cross over the ridge of dirt. In this regard the conclusion of the trial court that Sidney Hayes had begun his turning maneuver at a substantially great distance before the vehicle being driven by Mrs. Thibodeaux had began her passing maneuver is reasonably supported by the evidence. We find no merit in appellants' contention that the plaintiff, Sidney Hayes breached his duty in failing to ascertain in advance that the way was clear and that the turn could be made safely without endangering overtaking traffic. The trial court correctly found that Sidney Hayes was not guilty of any negligence.
We next consider appellants' contention that the trial court erred in concluding that the sole and proximate cause of the accident was the negligence of Mrs. Thibodeaux. We find no merit in this contention.
The evidence supports the finding of the trial judge that Mrs. Thibodeaux was operating her vehicle at an excessive rate of speed and in an unsafe manner. She was inattentive. The physical facts bear this out. Mrs. Thibodeaux admitted being 400 feet behind the Hayes vehicle when it was only 50 feet from its turn. She was then 200 feet to its rear when Hayes began his turning maneuver. Thereafter, as Mrs. Thibodeaux admitted, she hit the left front of the Hayes vehicle at a point some two or three feet off the highway's surface. Quite obviously Mrs. Thibodeaux failed in her duty to keep proper control of her vehicle and to maintain a proper lookout. The facts clearly show as mentioned hereinabove that Hayes had begun his turning maneuver at a time when Mrs. Thibodeaux, who had not yet begun her passing maneuver, was still some 200 feet to the rear.
We agree with the trial court's conclusion that Mrs. Thibodeaux was not only attempting a passing maneuver at a time when it was unsafe but was also traveling at an excessive rate of speed considering the prevailing conditions. Accordingly, we find, as did the trial court, that the sole and proximate cause of the accident was the negligence of Mrs. Benita Thibodeaux.
For the above and foregoing reasons the judgment appealed from is affirmed. All costs of this appeal are to be borne by Southern Farm Bureau & Casualty Company and Sidney Thibodeaux.
AFFIRMED.