SAMUEL, Judge.
This is a suit for personal injuries and medical expenses resulting from an automobile accident which occurred on Airline Highway in the Parish of Jefferson. The accident in suit was the third of three collisions. Plaintiffs are Ernest Marcelle, Jr., driver of a car involved in the accident in suit, and Darrilyn Walker, wife of/and Frederick Walker. Mrs. Walker was the driver of a car involved in the first collision and a passenger in Marcelle’s vehicle when the third collision occurred. Named defendants are the driver of the vehicle involved in the accident in suit and his liability insurer. Rockwood Insurance Company intervened for workmen’s compensation and medical expenses it had paid Marcelle.
The case was tried to a jury which found the negligence of both drivers of the vehicles involved in the accident in suit proximately caused that collision and awarded Mrs. Walker $445.55, the amount of her medical expenses. The jury verdict was made the judgment of the court and the suits of Marcelle and intervenor were dismissed. Plaintiffs and intervenor have appealed.
The record reflects the following facts: At approximately 7:40 pirn, on July 12, 1976, a dark, rainy night, plaintiff, Ernest Marcelle, Jr., a Louisiana state trooper in the course of his employment, went to investigate an automobile accident on Airline Highway at the entrance to the Crescent Airline Shopping Center. Mrs. Walker, the other plaintiff in this suit, had rear ended an automobile stopped for a red light at the entrance to the shopping center.
At the scene of this accident Airline Highway contains four lanes for traffic traveling in each direction. When Marcelle arrived the two vehicles were occupying the second lane from the shoulder of the highway nearer the shopping center. Mrs. Walker and her passenger were not hurt but the driver of the other vehicle was lying across the front seat of his car and complained of severe pain.
Officer Marcelle with someone (presumably Mrs. Walker or her passenger who had been in the Walker automobile) pushed that vehicle off the highway with the police car. While Marcelle was thus engaged another vehicle hit the car which Mrs. Walker had rear ended. Officer Marcelle then drove the police car behind the vehicle which Mrs. Walker had struck to protect the injured party. He radioed for an ambulance and a wrecker.
While awaiting their arrival, Marcelle was seated in the driver’s seat of the police car questioning Mrs. Walker and her guest passenger who were seated in the rear. Shortly thereafter the police vehicle was struck in the rear by an automobile driven by defendant, Stanley A. Chin-Bing.
According to Chin-Bing, he had proceeded along Airline toward the shopping center at a speed of 35 miles per hour when he saw the police care about 150 feet away. He did not realize the police car was stopped nor did he pay attention to the flashing lights until he was 80 feet away, when he started to apply his brakes. He hit the police car in the rear causing the injuries claimed herein.
*1347 The questions before this court are: (1) was Chin-Bing negligent; (2) was Marcelle guilty of contributory negligence which bars a recovery by him (if he was, the intervention was properly dismissed); and (3)is Mrs. Walker entitled to an award for personal injuries in addition to her medical expenses.
Based upon his own testimony, we do not disagree with the jury finding on Chin-Bing’s negligence. Since he saw the police car at a distance of 150 feet, he could and should have brought his vehicle to a stop prior to the accident.
Marcelle claims he was free of negligence in placing the police car behind the other vehicle because he could not move that vehicle without risk of injury to its driver. The jury did not agree. In his attempt to protect the injured driver of the other vehicle, the jury must have concluded he placed Mrs. Walker, her passenger and himself in jeopardy. Considering the darkness, the heavy rainfall, and the fact that two collisions, particularly the second, had occurred at the same place due to poor visibility, we cannot say the jury erred in finding contributory negligence on the part of Marcelle, which contributory negligence was a proximate cause of the third collision, the one in suit.
Where there is evidence before the trier of fact which upon its reasonable evaluation furnishes a reasonable factual basis for that finding, on review the appellate court should not disturb this finding in the absence of manifest error.[1] We find no manifest error here.
Alternatively, Marcelle and the in-tervenor would have us apply the doctrine of “unconscious last clear chance”. To avail one’s self of that doctrine the following must be proved: (1) the litigant seeking application of the doctrine was in a position of peril of which he was unaware or from which he could not extricate himself; (2) the defendant actually discovered or should have discovered this peril; and (3) after discovering the peril the defendant had the opportunity to avoid the accident.[2]
Marcelle cannot satisfy the first requirement of this doctrine. He knew of the danger, a danger emphasized by the second collision, and could have protected all parties by moving both vehicles before the third accident occurred.
Relative to the award to Mrs. Walker, in its answers to interrogatories the jury found her not guilty of any negligence. They awarded her $445.55, the amount of her proven medical expenses.
We agree with the finding of no negligence on the part of Mrs. Walker in the accident in suit, the third collision. However, as we said in Robinson v. General Motors Corporation,[3] La.App., 328 So.2d 751, 752:
“Perhaps the jury felt by awarding the full amount of medical expenses . it was sufficiently compensating for both legitimate pecuniary losses and for pain and suffering as well. .
But we do not have a general verdict, and an award of ‘none’ as damages for pain and suffering is not an exercise of discretion . . . but a refusal of an award.”
Defendant contends the award of $445.55 includes an award in addition to medical expenses, but this is not reflected by the record. As we have said, the jury award was the amount of Mrs. Walker’s proven medical expenses.
Mrs. Walker sustained a cervical injury as a result of the accident in suit. She was seen two days thereafter by her physician, who noted muscle spasms and ordered pain *1348 medication, muscle relaxants and physical therapy. On July 26, spasms were also present, although less than that of the previous visit. She was discharged on August 6, 1976, approximately three weeks after the accident. We fix the general damage award toward the lower limits of the much discretion as provided by Civil Code Article 1934(3).
For the reasons assigned, the judgment appealed from is amended to increase the award to Mrs. Walker by the sum of $750, for a total award of $1,195.55. As thus amended, and in all other respects, the judgment appealed from is affirmed.

AMENDED AND AFFIRMED.

BEER, J., concurring with written reasons.

. Canter v. Koehring Company, La., 283 So.2d 716.

. Pence v. Ketchum, La., 326 So.2d 831; Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138; Jackson v. Cook, 189 La. 860, 181 So. 195.

. See also Mora, et al. v. American Motors Leasing Corp., et al., No. 9543 of our docket, La.App., 364 So.2d 1343, handed down this day.