395 So.2d 466 (1981)
James Patrick PATIN, Plaintiff-Appellee,
v.
STATE FARM INSURANCE CO. and Travelers Indemnity Co., Defendant-Appellant.
No. 8045.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1981.
Rehearing Denied March 23, 1981.
*467 McBride & Brewster, Glynn Rozas, Lafayette, for defendant-appellant.
Fruge & Vidrine, Jack C. Fruge, Jr., Ville Platte, for plaintiff-appellee.
Dubuisson & Dubuisson, Edward B. Dubuisson, Opelousas, for defendant-appellee.
Before FORET, SWIFT and DOUCET, JJ.
DOUCET, Judge.
James P. Patin brought this suit to recover damages for personal injuries that he sustained in a two-car collision on May 16, 1978 in Opelousas, Louisiana. Plaintiff was driving his brother's 1974 Ford pickup truck in a southerly direction on Court Street. When he attempted to make a left turn onto Block Street, he was hit by a 1976 Ford automobile driven by Winnie R. Ardoin, which was in the process of passing him.
Mrs. Ardoin's liability insurer, Aetna Casualty & Surety Company, paid plaintiff its policy limits of $10,000.00. Subsequently, he filed this suit for additional damages, penalties and attorney's fees against two uninsured motorist carriers, State Farm Mutual Automobile Insurance Company and Travelers Indemnity Company. State Farm insured the truck that plaintiff was driving, and Travelers insured his personal automobile, which was not involved in the accident.
The issues of liability and damages were tried before a jury, which rendered a verdict in favor of plaintiff and fixed his total damages at $40,000.00. Pursuant to a pre-trial agreement, defendants were given a credit for the $10,000.00 that plaintiff had received from Mrs. Ardoin's insurer, and judgment was rendered in favor of plaintiff *468 and against State Farm in the sum of $25,000.00 (its policy limits) and in favor of plaintiff and against Travelers in the sum of $5,000.00. The issue of whether plaintiff was entitled to penalties and attorney's fees under LSA-R.S. 22:658 was decided separately by the trial judge in favor of the defendants.
State Farm appealed, and plaintiff answered the appeal, seeking an increase in his damages and the penalties and attorney's fees that were denied by the trial judge. Plaintiff later conceded, however, that his damages could not be increased because State Farm's policy limits have been exhausted, and the judgment against Travelers has not been appealed. Since State Farm has not raised the issue of quantum, the only issues presented for our resolution are State Farm's liability and plaintiff's demand for penalties and attorney's fees.[1]
There does not appear to be any serious dispute about the fact that Mrs. Ardoin was operating her vehicle in a negligent manner at the time of the accident. She attempted a passing maneuver near an intersection when it was obviously dangerous to do so, and she admitted that she was not maintaining a proper lookout. Furthermore, although she could not estimate her speed, the evidence indicates that it was excessive.
State Farm contends, however, that despite Mrs. Ardoin's negligence, plaintiff should be denied recovery because he was contributorily negligent and/or had the last clear chance to avoid the accident. It relies heavily on plaintiff's statement in a pre-trial deposition that although he activated the truck's turn signals 100 feet in advance of the intersection, he did not check his rearview mirrors for following traffic. Plaintiff retracted that statement at the trial and testified that he had in fact checked for overtaking vehicles. He attributed his inconsistent pre-trial testimony to nervousness or a failure to understand the question.
It is well settled in the jurisprudence of this state that a left turning motorist has a duty not only to give a proper signal, but also to observe oncoming and overtaking traffic to ascertain that his turn can be made safely. Ryder v. Trisler, 367 So.2d 1257 (La.App. 3rd Cir. 1979); Aetna Insurance Company v. Southern Farm Bureau Casualty Insurance Company, 347 So.2d 924 (La.App. 3rd Cir. 1977). If plaintiff failed to fulfill this duty, he was clearly contributorily negligent.
Contributory negligence does not bar a plaintiff's recovery, however, if under the doctrine of Last Clear Chance he can prove: (1) that he was in a position of peril of which he was unaware or from which he could not extricate himself, (2) that the defendant actually discovered or should have discovered his peril, and (3) that after discovering the peril, the defendant had the opportunity to avoid the accident. Pence v. Ketchum, 326 So.2d 831 (La.1976); Marcelle v. Chin-Bing, 364 So.2d 1345 (La.App. 4th Cir. 1978).
After reviewing the evidence in the record, we are inclined to agree with State Farm's agreement that plaintiff was contributorily negligent. However, we also find that the evidence amply supports a finding that Mrs. Ardoin had the last clear chance to avoid the accident. We therefore find no error in the jury's verdict in favor of plaintiff.
Although the liability issue has been resolved in plaintiff's favor, we do not agree with his argument that he is entitled to penalties and attorney's fees under LSA-R.S. 22:658. Serious issues were raised with regard to plaintiff's right to recovery. We believe that the trial judge correctly concluded that the insurer's refusal to pay his claim without litigating those issues was not arbitrary, capricious or without probable cause.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All *469 costs of this appeal are assessed against the appellant, State Farm Mutual Automobile Insurance Company.
AFFIRMED.
FORET, J., concurs with written reasons.
SWIFT, J., dissents and assigns written reasons.
FORET, Judge, concurring.
I concur in the result reached by Judge Doucet.
I file this concurring opinion, however, to express my views on two points. Firstly, I am of the opinion that the plaintiff was not contributorily negligent, hence the last clear chance doctrine is not applicable. The record shows that he gave a left-turn signal in ample time to warn the defendant driver that he was going to make a left turn, which he had a legal right to do. On the other hand, assuming, arguendo, that plaintiff was negligent, I believe that his negligence was not a contributing cause of the accident. Obviously Mrs. Ardoin was driving at a speed well in excess of the posted speed limit (she admitted she was late for work at the courthouse); and also, she knew that she was passing at a busy intersection; yet she proceeded to do so with no concern for a left-turning vehicle or even the possibility of a vehicle entering Court Street from Block (the intersecting) Street. In my view, Mrs. Ardoin's negligence was reckless to the extent of being wanton.
Secondly, I agree with Judge Doucet's review on the matter of damages for a frivolous appeal requested by plaintiff's attorney in his brief. Plaintiff-appellee did not answer the appeal, and therefore that issue is not before us. See Official Comments following the text of LSA-C.C.P. Article 2133, which state in part:
"The result is that no answer by appellee is required under Louisiana law unless the appellee desires some modification of the judgment or damages for a frivolous appeal." (Emphasis provided.)
SWIFT, Judge, dissenting.
I respectfully dissent, being of the opinion that the plaintiff was contributorily negligent and that the last clear chance doctrine is inapplicable.
NOTES
[1] In his brief, plaintiff's attorney also requested damages for frivolous appeal under LSA-C. C.P. Art. 2164. His request was untimely, however, since his brief was filed more than fifteen days after the lodging of the record. LSA-C.C.P. Art. 2133.