LEAR, Judge.
This suit arises from an automobile accident that occurred on the interstate bridge in East Baton Rouge Parish on February 15, 1978, involving plaintiff, Robert Lee Benton (Benton), and a truck owned by defendant, Dolese Concrete Company (Dolese), and insured by defendants Employers National Insurance Company and Harbor Insurance Company. The case went to trial on June 9 and 10 of 1981, and the jury found for the defendant.
According to interrogatories, the jury found that Dolese was not negligent, that Benton was contributorily negligent and had assumed the risk, and that Dolese did not have the last clear chance to avoid the accident. Plaintiff argues that all of the above findings are in error and, in addition, that the jury instructions were improper. Plaintiff requests a reversal and remand to the lower court to set damages.
The facts of the case are in dispute. Benton alleges that at the time of the accident he was guiding a car that was being towed westbound across the bridge by a second car driven by Herman Hills. Benton further alleges that he was moving about twenty to twenty-five miles an hour when the car he was guiding was struck from the rear by the Dolese truck and he was thrown from the car. The record contains testimony by Don Singleton, a passenger in the towed car, and a sworn statement by Herman Hills, the driver of the towing car, to the above facts.
Defendant alleges that at the time of the accident both of the vehicles, i.e. the car towing and the car being towed, were stopped on the bridge, that Benton was standing outside the stationary vehicles, and that, as the Dolese truck approached, Benton ran across the left lane and was struck as the truck swerved to miss the stalled vehicles. The Dolese truck driver died of natural causes three months after the accident; no deposition was taken from him. Richard Oliveaux, who witnessed the accident while driving past it in the opposite direction, testified to the facts as described by defendant.
Officer Ted Day, the policeman first at the scene of the accident, testified to the following: That Benton was lying on the far left side of the left lane, with his back against the concrete median divider, and his legs entangled in the left rear tires of the Dolese truck; and that the towed car had been damaged at the left rear, but the Dolese truck sustained no damage. Officer Day also testified that immediately after the accident the Dolese truck driver, who was extremely agitated and upset, stated that the accident would not have happened had the truck brakes been in working condition. Testimony concerning the brakes was also given by Joseph Wilson, Sr., a Dolese employee who drove the truck back to Dolese after the accident. Mr. Wilson testified that the truck pulled to one side when the brakes were applied.
Charles Ruble, an accident investigation analyst called by the defendant, testified that the physical evidence indicated that the Dolese truck driver was going forty-one miles an hour and had begun to brake about sixty feet before hitting the vehicles. In addition, Mr. Ruble stated that a truck driver’s line of vision is seven feet, six inches above the ground as compared with four feet, six inches for an automobile driver, and from this height a truck driver is able to view the stream of traffic whereas an automobile driver can only see the car in front of him. Mr. Ruble also testified that on this particular bridge there is a straightaway approximately three-quarters of a mile long prior to reaching the crest. With *661 respect to the brakes, Mr. Ruble testified that he performed a skid-test on the truck two to three weeks after the accident and that the brakes were in proper working condition at that time.
Based on all of the above, we find that, at the time of the accident, Benton was standing outside of the automobiles which were stalled on the bridge. In addition, we find ■ that there is insufficient evidence in the record to prove that the brakes on the Dolese truck were inoperable.
The first issue which plaintiff raises on appeal is the negligence of the Dolese truck driver.
The accident took place just before the crest of the bridge, at noon, on a day when road and weather conditions were excellent. These conditions and the fact that there was a three-quarter of a mile straightaway prior to reaching the crest gave oncoming traffic every possibility of observing the stream of traffic ahead. In addition, the Dolese truck driver was seated three feet higher than an automobile driver and thus had an even better opportunity to observe traffic conditions ahead of him. Despite all of the above, the physical evidence indicates that the Dolese truck driver applied his brakes only sixty feet before the accident occurred. For these reasons, we find that the Dolese truck driver was negligent in either failing to see what he should have seen or in seeing and failing to take appropriate measures.
Using the standard set forth by the court in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), we find the jury’s conclusion that the Dolese truck driver was not negligent is clearly wrong.
Next is the issue of whether plaintiff’s recovery should be barred due to contributory negligence. In determining this we look to that section of the Highway Regulatory Act which is controlling. LSA-R.S. 32:368 states in part:
“D. Whenever any vehicle of a type referred to in this Section [freight carrying vehicle, passenger bus, truck tractor, trailer, semi-trailer, or any motor vehicle pulling a house trailer or other vehicle] is disabled upon the traveled portion of a highway of this state or the shoulder thereof, outside of any municipality, at any time when the display of fuses, flares, red electric lanterns or portable red emergency reflectors is not required [sunrise to sunset], the driver of the vehicle shall display two red flags upon the roadway in the lane of traffic occupied by the disabled vehicle, one at a distance of approximately 100 feet in advance of the vehicle, and one at a distance of approximately 100 feet to the rear of the vehicle.”
The court in Little v. Mississippi Chemical Express, Inc., 285 So.2d 267 (La.App. 3rd Cir.1973), writ denied, 288 So.2d 357 (La.1974) stated:
“The highway regulatory provisions of Title 32, and more particularly Sections 367 and 368, were designed as safety measures for the protection of life and property. The particular provisions involved herein were enacted to provide a warning to drivers, even speeding or inattentive ones, that their passage may be impeded by another vehicle in the roadway ahead. They are designed to inform users of the highway of risks which are causative of motor vehicle accidents.”
See also State Farm Mutual Automobile Insurance Company v. South Central Bell Telephone Company, 359 So.2d 1318 (La. App. 4th Cir.1978).
The statute and the court’s interpretation of its purpose is clearly applicable to the present factual situation. The record indicates that not only were no red flags posted, but no action of any kind was taken to warn or alert the other traffic on the bridge that the vehicles were stalled and had thereby created a hazardous situation. Again, however, we emphasize that the duty imposed under the statutory provisions relied upon by us and our decision herein is limited to those circumstances in which one vehicle is towing another.
Based on the above, we cannot say that the jury’s conclusion that plaintiff was con-tributorily negligent is clearly wrong.
*662 In addition plaintiff assigns as error the finding that he had assumed the risk. Assumption of the risk is applicable in situations where one has knowingly and voluntarily encountered a risk which caused him harm. Lytell v. Hushfield, 408 So.2d 1344 (La.1982). In this instance, Benton was neither required to nor did he knowingly and voluntarily assume the risk of being injured by a negligent driver.
The last issue on appeal is whether the doctrine of last clear chance is applicable in this situation. The elements of the last clear chance doctrine were aptly stated in the case of Patin v. State Farm Insurance Co., 395 So.2d 466 (La.App. 3rd Cir.1981), in which the court stated that:
“Contributory negligence does not bar a plaintiff’s recovery, however, if under the doctrine of Last Clear Chance he can prove: (1) that he was in a position of peril of which he was unaware or from which he could not extricate himself, (2) that the defendant actually discovered or should have discovered his peril, and (3) that after discovering the peril, the defendant had the opportunity to avoid the accident. Pence v. Ketchum, 326 So.2d 831 (La.1976); Marcelle v. Chin-Bing, 364 So.2d 1345 (La.App. 4th Cir.1978).”
We find that, under the facts as described above, Benton did nothing to extricate himself from a situation which was obviously dangerous. He could have waved oncoming traffic away or removed himself from the path of oncoming traffic by standing on the walkway or at the railing of the bridge. In addition, we find that upon discovery of Benton’s peril, the Dolese truck driver did not have a reasonable opportunity to avoid the accident. The record indicates that there was traffic on both sides of defendant’s truck and the truck driver had no alternative other than to remain in his lane of travel. Therefore, the jury’s finding that the Dolese truck driver did not have the last clear chance to avoid the accident is not clearly wrong and will not be reversed. Arceneaux v. Domingue, supra.
The judgment of the district court is hereby affirmed. Costs are to be paid by plaintiff-appellant.
AFFIRMED.