GUIDRY, Judge.
This is a suit for damages resulting from personal injuries suffered by the plaintiff, Katherine Guerra, when her car collided with a tractor trailer rig being driven by the defendant, Phillip Karam. The accident occurred on May 20, 1980. Also made defendants were Karam’s employer and the owner of the tractor, Leonard Welch; the liability insurer of the tractor-trailer rig, Bituminous Casualty Corporation; the owner of the trailer, Terry Wheat; and, the uninsured motorist carrier of the plaintiff’s vehicle, United Services Automobile Association. A third party demand was filed by United Services Automobile Association against Karam and Welch seeking indemnity for any amounts it might be condemned to pay.
The matter was tried to a jury, which returned a special verdict on October 2, 1982. The jury found that the defendant, Phillip Karam, was negligent, and that the plaintiff, Katherine Guerra, was contribu-torily negligent, and that the negligence of each was a proximate cause of the accident.[1] The jury also found, however, that Karam had the last clear chance to avoid the accident. Damages suffered by the plaintiff were fixed at $45,000.00. Finally, the jury found that the defendant, Terry Wheat, was not legally responsible for the actions of either Phillip Karam or Leonard Welch. On November 5, 1982, the trial court rendered judgment, in conformity with the jury verdict, against Phillip Kar-am, Leonard Welch, and Bituminous Casualty Corporation, in solido, in the amount of $45,000.00. Because the amount of the judgment did not exceed Bituminous’ policy limit of $100,000.00, judgment was rendered in favor of United Services Automobile Association, dismissing plaintiff’s demands against it. The plaintiff’s claim against Terry Wheat was likewise dismissed.
The plaintiff filed a motion for judgment notwithstanding the verdict, along with a subsequent amendment thereto, whereby she sought a judgment increasing the jury award of damages to $147,220.00. The plaintiff’s motion did not seek to modify the jury verdict in any other respect. The plaintiff also filed a motion for new trial or in the alternative, that additur be entered in order to increase the jury’s award of damages to $147,220.00.
On March 18, 1983, the trial court granted the plaintiff’s motion for judgment notwithstanding the verdict. The judgment was rendered against Karam, Welch, Bituminous Casualty Corporation, and United Services Automobile Association, in solido, in the amount of $125,000.00. The judgment against Bituminous was limited to its policy limit of $100,000.00. The judgment against USAA was likewise limited to its policy limit of $15,000.00. Judgment was rendered in favor of USAA against Karam and Welch on the third party demand in the amount of $15,000.00. The motion for new trial or in the alternative, additur, was denied.
Bituminous, Welch, Karam and USAA appeal. Plaintiff did not appeal but filed an answer to the appeals seeking an increase in the award of damages. The issues presented on appeal are:
(1) Whether the jury was clearly wrong in finding both Phillip Karam and Katherine Guerra guilty of negligence;
(2) Whether the jury properly applied the doctrine of last clear chance;
(3) Whether the trial court erred in modifying quantum by a judgment notwithstanding the verdict; and,
(4) Quantum of damages.
FACTS
The accident in question occurred on May 20, 1980, during daylight hours, on U.S. Highway 190 four miles east of Opelousas, Louisiana. At the point of the accident, U.S. 190 is a four lane highway with two eastbound lanes and two westbound lanes *741 divided by a grass median. The plaintiff, Katherine Guerra, was proceeding in a westerly direction on the highway in a 1973 Volkswagen. Phillip Karam, driving a 1973 Freightline tractor trailer, was exiting the Seven Flags Truck Stop, which is situated on the south side of U.S. 190. Karam drove the truck out of the truck stop exit, across the two south, or eastbound lanes, across the crossover in the median which is immediately opposite the truck stop exit, and turned left onto the westbound traffic lanes. Prior to the accident, the plaintiff was travelling west in the outside lane behind a slower moving westbound vehicle being driven by Beatrice Nall. The plaintiff pulled into the left lane, passed the Nall vehicle, and returned to the right, or outside lane. At this point, the defendant, Karam, was straightening up the truck, in the process of completing his left turn into the inside lane. However, the truck still occupied a portion of the outside lane. The plaintiff, faced with the truck’s presence in the outside lane, applied her brakes, skidded 22 feet, struck the cab of the truck, and veered into the ditch on the right side of the highway. The Volkswagen flipped onto its top and slid through the ditch for some distance, then struck a culvert and flipped upright once again, coming to rest 165 feet from the point of the collision. The plaintiff suffered serious injuries in the accident.
NEGLIGENCE
The jury found that the defendant, Phillip Karam, was guilty of negligence which proximately caused the accident. The jury likewise found the plaintiff guilty of contributory negligence which proximately caused the accident.
On appellate review of findings of negligence, the following standard is applicable:
“While the duty of a defendant in a negligence action is created by law, the question as to the breach of that duty must be answered in accordance with the facts and circumstances of each particular case. Jones v. Robbins, 289 So.2d 104 (La.1974); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). Since the breach of duty issue involves a factual determination, the decision by a trier of fact will not be disturbed absent a showing of “manifest error”. Arceneaux v. Domingue [365 So.2d 1330 (La.1978)], supra.”
Steele v. St. Paul Fire & Marine Insurance Company, 371 So.2d 843 (La.App. 3rd Cir.1979), writ denied, 374 So.2d 658 (La. 1979). For the reasons which follow, we find no manifest error in the jury’s determination that both the defendant, Karam, and the plaintiff, Guerra, were negligent, and that the negligence of each was a proximate cause of the accident.
The record shows that Karam, having exited the truck stop, came to a “rolling stop” on the median crossover before turning left onto Highway 190. He then began to execute the left turn into the inside lane. The testimony of Karam and his passenger at the time of the accident, Allen Welch, makes it clear that Karam intended to complete the turn without encroaching upon the right, or outside, lane of the highway. Allen Welch testified that as the truck approached the crossover, he told Karam that there was no traffic approaching in the inside lane. In his deposition, Karam stated that his truck never entered the outside lane. In his testimony at trial, Karam stated that it was a “possibility” that his truck touched the center line in making the turn. He further testified that the truck and trailer, despite its length, was fully capable of negotiating the turn without encroaching upon the outside lane.
While the foregoing testimony indicates that Karam intended to occupy only the inside lane, the evidence in the record clearly shows that he was unsuccessful in doing so. Beatrice Nall, an eyewitness, stated that the accident occurred in the middle of the outside lane. The accident reconstruction expert who testified on behalf of the defendants, Duaine T. Evans, also placed the point of impact near the center of the outside lane.
The plaintiff testified that upon seeing the truck approach the median crossover, *742 she assumed it would stop, but nevertheless slowed down and moved into the outside lane. The truck then crossed the center line and occupied both westbound lanes. The plaintiff testified that the collision occurred in the outside lane.
LSA-R.S. 32:124 provides:
“The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.”
The record provides a clear factual basis for the jury’s conclusion that Karam breached his duty to yield the right of way to approaching vehicles, and to maintain a proper lookout. We find no manifest error in the jury’s determination in this regard.
We likewise find no manifest error in the jury’s finding that the plaintiff, Katherine Guerra, was contributorily negligent, and that her negligence was a proximate cause of the accident. Beatrice Nall testified that at the time the defendant’s truck entered the inside westbound lane, the plaintiff’s Volkswagen had not yet passed her vehicle, which was still the lead vehicle in the outside lane. Mrs. Nall further stated that although she was travel-ling 50-55 miles per hour, she felt that no emergency was created by the truck’s entrance onto the highway. She stated that there was adequate time for the truck to complete the turn into the inside lane without impeding her progress in the outside lane. She further testified that when she was 200-250 feet away from the truck, the plaintiff's Volkswagen passed her at a high rate of speed, switched to the outside lane, and collided with the side of the truck while making no apparent attempt to avoid the collision.[2]
R.C. Viscardis testified that, while he did not witness the accident, he arrived at the scene soon thereafter and recognized the plaintiff’s Volkswagen, which was then resting in the ditch on the right side of the highway. Viscardis stated that he and other members of his work crew were westbound on Highway 190 sometime prior to the accident, travelling 60-65 miles per hour, when the Volkswagen passed their vehicle at a speed of roughly 10 miles per hour faster than their own vehicle was travelling. This testimony was corroborated by the testimony of Reginald Fonten-ot, a passenger in the vehicle being driven by Viscardis.
The record also shows that a sample of the plaintiff’s blood was taken after the accident and sent to the State Police Crime Lab for analysis. The Crime Lab report showed that the plaintiff’s blood contained .11% alcohol by weight. Dr. Joseph T. Brierre, who was accepted by the court as an expert in pathology, testified to the effects of increasing levels of alcohol in the blood. He stated that a person with a blood alcohol level of .10% to .13% would exhibit various symptoms, including slurred speech, double vision, loss of balance, vertigo, dizziness, and sleepiness.
In sum, the record contains considerable evidence that the plaintiff was travelling at an excessive rate of speed in an impaired condition. There is also evidence, the testimony of Mrs. Nall in particular, that the plaintiff failed to maintain a proper lookout for traffic ahead or to take evasive action which would have allowed her to successfully avoid the collision. In light of the foregoing, we find no clear error in the jury’s determination that the plaintiff was guilty of contributory negligence.
LAST CLEAR CHANCE
The jury found that the defendant, Kar-am, had the last clear chance to avoid the *743 accident. The defendants assert that the jury misapplied the doctrine of last clear chance. We agree.
The last clear chance doctrine was developed to ease the harsh effects of the contributory negligence defense, which would otherwise serve as an absolute bar to any recovery by a negligent plaintiff. Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400 (La.1978). The doctrine is applicable only when both parties have been found guilty of negligence which proximately caused the accident. Champagne v. McDonald, 355 So.2d 1335 (La.App. 3rd Cir.1978). In order to avail himself of the doctrine, a plaintiff must prove: (1) that he was in a position of peril of which he was unaware or from which he is unable to extricate himself; (2) that the defendant actually discovered or should have discovered the peril; and, (3) that the defendant, after discovering the peril, had a reasonable opportunity to avoid the accident. Patin v. State Farm Insurance Company, 395 So.2d 466 (La.App. 3rd Cir.1981).
The record in the instant case shows that the plaintiff has failed to make the requisite proof to enable her to invoke the last clear chance doctrine. In particular, the plaintiff made no showing that she was in a position of peril of which she was unaware or from which she could not extricate herself. Further, plaintiff has failed to show that subsequent to the time the defendant actually discovered or should have discovered the plaintiffs peril, he had a reasonable opportunity to avoid the accident.
The plaintiffs own testimony establishes that she was not unaware of the presence of the truck. She testified that she first saw the truck as it approached the crossover, before it entered the westbound lanes of the highway, and assumed it would stop. She stated that she slowed down and switched lanes, but that the truck proceeded to block one, then both of the westbound lanes. This testimony makes clear the fact that the plaintiff was not unaware of the presence of the truck nor unaware of the peril created by the truck’s encroachment upon both westbound lanes of travel.
The record also fails to show that the plaintiff was unable to extricate herself from the peril. The plaintiff, having switched into the right, or outside, lane, was placed in peril by the truck’s entrance into, and blockage of, the outside lane. The record clearly establishes that a full paved shoulder adjacent to the outside lane was available to the plaintiff for evasive action. When the collision occurred, the cab of the defendant’s truck and the plaintiff’s Volkswagen were at a 10% angle, such that the collision was a glancing blow, occurring as the truck had nearly straightened out. This evidence makes it clear that the plaintiff might have completely avoided the collision by swerving a few feet to the right. However, it appears that no such evasive action was taken, as the collision occurred near the center of the outside lane. This is supported by the testimony of Mrs. Nall, who stated that the plaintiff’s Volkswagen ran directly into the side of the truck while making no apparent attempt to avoid the collision. In short, the record shows that the plaintiff, at all times aware of the presence of the defendant’s truck, had a means available whereby she could extricate herself from the peril created by the presence of the defendant’s truck in her lane of travel. By swerving slightly to the right, into the outermost portion of the right lane and/or the paved shoulder adjacent thereto, the plaintiff could have successfully averted the collision.
That the last clear chance doctrine is unavailable to the plaintiff is made most clear by her failure to show that the defendant, after discovering the plaintiffs peril, had an opportunity to avoid the accident. The doctrine contemplates that the defendant must have a reasonable opportunity to avoid the accident after the plaintiff is in a position of peril from which he cannot extricate himself. Johnson v. Powell, 346 So.2d 283 (La.App. 4th Cir.1977).
The plaintiff, travelling in the outside lane, would have been placed in no danger *744 had the defendant been successful in his attempt to negotiate the turn onto the highway without encroaching upon the outside lane. Until the defendant did so, the plaintiff was not in a position of peril. Even if we assume that the plaintiff could not extricate herself from the peril, there was no ■ showing' that any means was available to the defendant to avert the collision. While the negligent encroachment upon the outside lane created the peril, the best means of clearing the outside lane, once the peril was created, was to complete the turn into the inside lane. The defendant did so but the collision, unfortunately, was not averted.
The plaintiff asserts that the defendant could have avoided the collision by stopping in the median crossover without entering the westbound lanes, or by completing the turn without obstructing the outside lane. The availability of these measures are relevant to the initial determination of negligence on the part of the defendant, but clearly do not establish a “last clear chance” for the defendant to avoid the collision. At the time these measures were available, the plaintiff was not yet in a position of peril. The plaintiff has not alleged or shown any step the defendant could have taken after the creation of the peril to avoid the collision. Johnson v. Powell, supra. The jury’s determination that the last clear chance doctrine is applicable was clearly erroneous.
Our determination that the last clear chance doctrine is inapplicable results in a reversal of the trial court’s judgment rendering the defendants liable for the plaintiff’s injuries. The plaintiff’s recovery is barred by the plaintiff’s contributory negligence. It thus becomes unnecessary for us to address the correctness of the judgment notwithstanding the verdict, since said judgment addressed only the issue of quantum. We express no opinion on the availability of a judgment notwithstanding the verdict to adjust a jury award of damages.[3]
For the above and foregoing reasons, the judgment of the trial court is reversed, and the plaintiff’s demands are dismissed with prejudice. All costs at the trial level and on appeal are assessed to plaintiff-appellee.
REVERSED AND RENDERED.

. The accident occurred on May 20, 1980, prior to the effective date of Louisiana's comparative negligence statute. LSA-C.C. Art. 2323. Thus, absent an application of the doctrine of Last Clear Chance, contributory negligence acts as a complete bar to the plaintiff’s recovery.

. It should be noted that the record clearly shows that the plaintiffs vehicle left 22 feet of skid marks before colliding with the truck.

. We observe that another panel of this court has held that judgment notwithstanding the verdict was not intended to supplant the procedure for additur and remittitur of jury awards, LSA-C.C.P. Art. 1813, now LSA-C.C.P. Art. 1814, which is the proper procedural vehicle for adjusting jury awards of damages. Rougeau v. Commercial Union Insurance Co., 432 So.2d 1162 (La.App. 3rd Cir.1983), writ denied, 437 So .2d 1149 (La.1983).