WARREN E. HOOD, Judge Pro Tem.
This suit is a sequel to Collins v. Slocum, 317 So.2d 672 (La.App. 3rd Cir.1975). In that previous suit, the plaintiffs, Gwin LeBlanc, J.W. Slocum, Jr. and Harry Henderson, III, (LSH) unsuccessfully sought damages from their attorney for his failure to note in his title opinion the existence of a pipeline servitude across a tract of property they subsequently purchased.
In this suit the plaintiffs, LeBlanc, Henderson and A. Jerry Slocum, the son of J.W. Slocum, Jr., who purchased his father’s interest in the property, now seek to recover damages from the estate of the surveyor, Louis J. Daigre. The survey failed to show the existence of this non-apparent servitude, as did the title opinion. From an adverse judgment in the district court, Henderson and Slocum have appealed.[1]
The background facts are fully recited in Collins v. Slocum, 304 So.2d 675 (La.App. 3rd Cir.1974), the predecessor to Collins v. Slocum, 317 So.2d 672 (La.App. 3rd Cir.1975).
Somewhat more briefly stated, they are as follows.
Morgan Walker owned land in Rapides Parish in designated sections 41 and 44, T4N, R2W. On April 23, 1953, he granted *673 a pipeline servitude or right-of-way to Interstate Oil Pipeline Company (later Humble Pipeline Company), located somewhere in Sections 41 and 44. Grantor agreed that he could not erect over the line or lines of grantee “any improvements, lake or ponds of a nature such as to interfere with the rights hereby granted.” This servitude agreement was recorded, but its exact location was not described, and no plat showing its location was ever recorded.
On March 31, 1967, Morgan Walker, Jr., sold to Gwin LeBlanc 40.02 acres located in Section 44. This purchase was made after LeBlanc had the title examined. That title opinion noted the recorded pipeline right-of-way granted by Walker. The survey (by Daigre) attached to the deed shows the approximate centerline of the pipeline. The deed did not except the pipeline servitude which was shown on the attached plat. That 40.02 acre tract is bounded on two sides by the tract purchased by LSH.
On February 20, 1968, Gwin LeBlanc sold the 40.02 acre tract he had purchased in 1967.
On August 26, 1968, six months later, Morgan Walker, Jr. sold to LSH 256 acres located in Section 41 and 44. This tract adjoins the 40.02 acre tract which LeBlanc had purchased in 1967 and had later sold.
This purchase was made after LSH had the title examined. The title opinion referred to the survey which was attached to the title opinion and deed, and stated that no recorded pipeline right-of-way servitude affected the lands. Walker testified that he told LeBlanc about the pipeline and had showed it to him on prior occasions. The deed did not except the pipeline servitude which, in fact, crossed portions of the property purchased by LSH.
The survey did not show the pipeline servitude, and it was on the basis of that survey that LSH’s attorney certified that the recorded servitudes did not affect the property which LSH was purchasing. Daigre’s 1967 survey of the adjoining 40.02 acre tract did show the pipeline.
Appellants, of course, do not now dispute the facts as found by or the conclusions reached by the court in Collins. Neither do appellants contend that the evidentiary facts as found by the district court were in error. On appeal, they rely entirely on the alleged error of the trial court in failing to find that Daigre had the last clear chance to avoid the injuries to the plaintiffs. They argue that he had the “last clear chance” when he prepared the 1968 survey.
Unless this doctrine, which was not raised or considered in Collins, is applicable, plaintiffs cannot prevail; because for the same reasons LSH could not recover from the attorney in Collins, plaintiffs would be prevented from now recovering from the surveyor.
There are three conditions which must exist as an irreducible minimum before the doctrine of last clear chance applies: 1) plaintiff must have been in a position of peril of which he was unaware or from which he could not extricate himself; 2) the defendant actually discovered or should have discovered his peril; and 3) after actually or constructively discovering the peril, the defendant had the opportunity to avoid the accident. Patin v. State Farm Insurance Company, 395 So.2d 466 (La.App. 3rd Cir.1981).
In invoking the doctrine of last clear chance, the party who does so acknowledges his own negligence.
As the trial court correctly noted, the first essential element is lacking in this case. LeBlanc had prior knowledge of the existence of the pipeline, and this knowledge is imputed to the other purchasers.
Counsel, however, forcefully argues that knowledge does not equate with awareness, and that while appellants may be charged with knowledge, he argues that LeBlanc had forgotten about the pipeline at the time of the 1968 purchase, and therefore, plaintiffs were unaware of the peril. He would thus, in this manner, have plaintiffs escape the consequences of their forgetfulness.
However, this court, in Collins, stated: “We know of no law or jurisprudence that relieves a person for failure of memory.” It was this very same knowledge that pre *674 vented their recovery from their attorney. To now hold that appellants can escape the consequences of their forgetfulness by allowing the application of the last clear chance doctrine would, to say the least, be inconsistent with this court’s ruling in Collins.
The third essential element is also lacking in this case. Inherent in this third element is the requirement that a defendant have in fact a later opportunity than plaintiff to avert the accident. He must have the last clear chance of avoiding the accident. Where a plaintiff’s wrongdoing or his chance to extricate himself continues through the moment of defendant’s wrongful conduct, it cannot be said that defendant had the last chance to avoid plaintiff’s injury.
As stated above, appellants contend that Daigre had the last clear chance when he prepared the 1968 survey. Yet, Collins held that appellants had continuing knowledge of the existence of the pipeline through the date of their purchase, after the preparation of the survey. By virtue of this knowledge they had a chance to extricate themselves from their peril by using their knowledge and by not purchasing the property. Thus, it does not follow that Daigre had the last chance.
Although being of the opinion that all three elements of the doctrine are not here present, we also hold that the doctrine of last clear chance is not applicable to this type of case, even if the three minimum requirements were met.
Appellants cite no case, and our research has uncovered none, in which the doctrine of last clear chance was applied that did not involve danger to human life or limb; or in which the entire sequence of events giving rise to the injury did not occur in the space of a few seconds, so that something which could fairly be called an emergency situation was present.
Last clear chance has been applied almost exclusively to traffic and transportation cases. Several Louisiana non-traffic cases have considered the doctrine; a few have applied it, although only in pure tort cases. See “The Last Clear Chance Doctrine in Louisiana An Analysis and Critique ”, 27 La.L.R. 269-298 (1967).
The present case is essentially a breach of contract suit. Plaintiffs have sued the defendant based on the premise that the surveyor breached a contractual duty owed by him to the plaintiffs. They contend that he breached his obligation to show the pipeline servitude on the plat of survey. We decline to extend the application of the doctrine of last clear chance beyond its traditional application to traffic and transportation cases to essentially breach of contract cases.
A factual dispute exists, noted but unresolved by the trial court, as to the party for whom the survey was prepared. Plaintiffs contend in their suit that LSH hired Daigre to make the survey. Daigre denies this, contending that he made the survey for Walker simply to show a road dedication.
Even assuming, as plaintiffs contend, that LSH and not Walker hired Daigre, we would add that we have further serious reservations in agreeing with appellants that the evidence warrants the conclusion that Daigre was under a duty to show this non-apparent servitude on his plat of survey. However, in view of our holding that the doctrine of last clear chance is inapplicable, we do not reach this issue.
Accordingly, the judgment of the trial court, in favor of the defendant and rejecting the demands of the plaintiffs, is affirmed. Costs of this appeal to be paid by appellants.
AFFIRMED.

. During the trial, attorneys for plaintiffs stated that LeBlanc was no longer a plaintiff, having sold his interest in the property to Slocum. No formal motion dismissing him was filed. The judgment does not name the plaintiffs, and the motion for appeal does not name the appellants. Since the appellant’s brief, however, refers only to Slocum and Henderson, the court will assume they are the only appellants.